CASE 32.—PETITION BY LLEWELLYN SMITH FOR A WRIT OF PROHIBITION TO RESTRAIN THE JUDGE OF THE JEFFERSON CIRCUIT COURT FROM PUNISH-ING HIM FOR A CONTEMPT IN THE VIOLATION OF AN INJUNCTION ORDER ISSUED IN A· SUIT BY THE MONTENEGRO RIEHM MUSIC CO. AGAINST JOHN T. MACAULEY ETC.—March 13.

## Smith v. Miller, Judge

Motion for writ in Appellate Court.   Writ denied.

1. An order of injunction is not void where the parties were heard before it was granted.
2. It is the prerogative of courts of equity to grant injunctions. When the court has jurisdiction the party enjoined subjects himself to proceedings for contempt for violating the order of injunction whether the court erroneously made the order or not, the only question to be determined is, has the party violated the injunction.
3. After an order of injunction made by a circuit judge, has been violated, the fact that before the fine was imposed the injunction was dissolved by order of a judge of the court of appeals, such an order could not have a retroactive effect, and relieve the party of punishment for his act violating the injunction.

HARDIN H. HERR, THUM & CLARK, BECKLEY & SCOTT, attorneys for petitioner.

vol.122—19

## POINTS AND AUTHORITIES.

A. Under section 110 of the Constitution of Kentucky, this court can issue a writ of prohibition to prevent a circuit court from imposing an illegal fine. (Hindman v. Toney, 97 Ky., 413; Shackelford v. Patterson, 23 Ky. Law Rep., 316; Louisville Public Warehouse v. Miller, 26 Ky. Law Rep., 361, S. C. 81 S. W. 275; Campbellsville Telegraph Company v. Patterson, 114 Ky., 52; Jenkins v. Berry, 26 Ky. Law Rep., 1141, S. C. 83 S. W. 594.

B. An order of injunction that disposes of a case and gives all the relief demanded without giving the defendant a full opportunity to be heard, is absolutely null and void. No one can be punished for disregarding such an order. (Kentucky Statutes, 1004; Civil Code, section 276; Weaver v. Toney, 107 Ky., 419; Commonwealth v. Combs, Ky., S. C. 86 S. W. 701; State v. Weir, Judge, Mo., S. C. 33 L. R. A., 341).

C. So much of an order of injunction that goes beyond the prayer of the bill, is absolutely null and void. (Section 90 of the Civil Code; German Printing Co. v. Statts.. 55 Ill. 127).

D. An order of injunction must be construed with reference to the prayer and object of the bill. (Spelling on Injunctions and other Extraordinary Remedies, section 1123, (Editions 1 and 2).

E. In contempt proceedings for disobeying an order of injunction, the order must be strictly construed. (L. & N. R. R. v. Miller, 112 Ky., 464 9th Cyc., page 11).

F. An improvident and erroneous exercise of chancery power in granting an order of injunction will not be construed in such an order as to holding the one who technically disobeys it, guilty of contempt. (2nd L. R. A., 223).

MORTON V. JOYES, attorney for respondent.

BURWELL K. MARSHALL of counsel.

## POINTS AND AUTHORITIES.

1. The circuit judge had jurisdiction, both of the subject matter and of the parties, to grant the temporary injunction.

(a) Of the subject matter: (Gates v. Barrett, 79 Ky., 295; Duncan, trustee, v. Central Pass. Ry. Co., 85 Ky., 532; High on Injunctions, 4th Ed., sections 1134, 1134a, 1142, 1122, 1104c, 1181 and 1135; Fleckenstein Bros. Co. v. Fleckenstein, N. J., 57 Atl., 1025; Western Union Tel. Co., v. Rogers, 42 N. J. Eq., 311; Barfield v. Nicholson, 2 L. J., Ch. 90.

Smith v. Miller, Judge.

(b) Of the parties:   (Cooley v Lawrence (N. Y.), 5 Duer., 605; 12 How. Prac., 176 Hemphill v. Moore, 104 N. C., 379; Marsh v. Bennett, 5 McLean (U. S.), 117; Brown v. Pacific Mail S. S. Co., 5 Blatchf. (U. S.), 525; Harris v. Gwin, 18 Miss., 563; Parker v. Williams, 4 Paige, 439; Seebor v. Hess, 5 Paige, 85; Hyse v. Hoover, 3 W. Va., 11; Board of Trustees Chicago v. Weare, 105 Ill., App., 289; Glay v. People, 94 Ill. App., 598.

2. The injunction, even if erroneously or improvidently granted, was entitled to obedience until it was dissolved. (High on Injunctions, 4th. Ed., sections 1412, 1416; 16 Am. & Eng. Ency., pp. 435, 436, 438; Cape May, &c., Ry. Co. v. Johnson, 35 N. J. Eq., 422; Russell v. East Ang. Ry. Co., 3 Macn. & G., 104-117; Richards v. West, 2 Gr. Ch., 456; Lytle v. Galveston, &c., Ry. Co., 90 Southwestern, 317; Harris v. Clark, 10 How. Prac., 415; Day v. Bergen, 53 N. Y., 404; Silliman v. Whitmer, 173 Penn. St., 401; People v. Rice, 30 N. Y. Supp., 457; Glay v. People, supra; Smith v. Reno, 6 How. Prac., 124.)

3. The order of the appellate judge, dissolving the injunction, had no retroactive effect, and did not stay the proceding already commenced, to punish a disobedience of the order while in force.

4. Petitioner's conduct, admitted by him, constituted a wilful and flagrant disobedience and contempt.

OPINION OF THE COURT BY JUDGE PAYNTER—Denying writ.

The petitioner, Llewellyn Smith, moves the court to grant a writ of prohibition to prevent Judge Shackelford Miller, judge of the Jefferson Circuit Court, chancery branch, first division from punishing him for contempt of court for the violation of an order of injunction issued by Judge Matt O'Doherty, judge of the Jefferson Circuit Court, on January 22, 1906, wherein the Montenegro Riehm Music Company is the plaintiff and John McCauley and others are defendants. The plaintiff, Montenegro Riehm Music Company, and the deefndant, Smith & Nixon Company, are engaged in selling pianos and other musical instruments in the city of Louisville, hence are

competitors in business. Theaters and concert halls afford a good field for advertising their business. Therefore, in 1905, John T. McCauley, manager of McCauley's Theater, the leading playhouse in Louisville, asked for bids for the privilege of furnishing programmes for the ensuing theatrical season. The plaintiff bid $1,000 for the privilege, and that being the highest bid was accepted, and a written contract was entered into, whereby there was granted to the Montenegro Riehm Music Company the exclusive privilege of furnishing the programmes for McCauley's Theater for the theatrical season which began August 15, 1905, and to end July 1, 1906. By contract McCauley agreed with Theodore Harris and Zudie Harris and Smith & Nixon Company for the use of the theater the evening of January 22, 1906, to give a concert at which the defendant, Zudie Harris, was to perform upon the piano, and Damrosch's Orchestra was to give an orchestral performance. The seats were sold, and there was to be a large audience consisting of musical people. By the contract which McCauley made with Theodore Harris and others, the Smith & Nixon Company was to furnish the programmes, and thus advertise its business at the expense of the Montenegro Riehm Music Company. Late in the evening the Montenegro Riehm Music Company ascertaining the state of affairs, filed its petition in the Jefferson Circuit Court, and gave notice that it would apply to Judge O'Doherty for an order to restrain Smith & Nixon Company from furnishing, distributing, or circulating programmes or advertising matter in the nature of a programme at or for McCauley's Theater on the evening of January 22, 1906, and Judge O'Doherty sustained the motion, and

granted the order of injunction. While the notice was given but a few minutes before the motion was entered before Judge O'Doherty, the defendant's attorney appeared and resisted the motion. If any relief was to be given to the Montenegro Riehm Music Company, it had to be done at once as the performance would begin soon thereafter.

The order of injunction was not void. The parties were heard before it was granted. The doctrine of the case of Weaver v. Toney, 107 Ky. 419, 21 Ky. Law Rep., 1157, 54 S. W. 732, 50 L. R. A., 105, does not apply, because no notice whatever was given in that case, and there was no hearing of the motion. Notwithstanding the notice was short that the application for the order of injunction would be made, still from the nature of the case it could not be otherwise, besides the appearance of counsel for defendant imported a submission to the determination of the question by the court. The question here is not whether the court erred in granting the injunction, but whether the order has been violated. It is the prerogative of courts of equity to grant injunctions. When the court has jurisdiction, the party enjoined subjects himself to proceedings for contempt for violating the order of injunction, whether the court erroneously made the order or not. When the order is violated the same disregard is shown for the process, whether the court rightfully made the order or erroneously made it. In trying a proceeding for contempt for violating an order of injunction, the court will not inquire as to whether the order was erroneous. In contempt proceedings the only question to be determined is, has the party violated the injunction. If such were not the case, the processes

of the court would be disregarded and injunctive proceedings in courts would be brought into great contempt. It is said in High on Injunctions (4th Ed.) section 1416, that: ''The granting of injunctions being justly regarded as one of the highest prerogatives of courts of equity, the most exact and implicit obedience is required from those against whom the mandate of the court is directed. With whatever irregularities the proceedings may be affected, or however erroneously the court may have acted in granting the injunction in the first instance, it must be implicitly obeyed so long as it remains in existence, and the fact that it has been granted erroneously affords no justification or excuse for its violation before it has been properly dissolved. And the party against whom an injunction issues will not be allowed to violate it on the ground of want of equity in the bill, since he is not at liberty to speculate upon the intention or decision of the court, or upon the equity of the bill, or to question the authority of the court to grant relief upon the facts stated, except upon application to · dissolve the injunction. So, if the defendant is in doubt as to the scope or extent of the injunction, he should not willfully disregard or violate it with a view of testing such questions, but should apply to the court for a modification or construction of · its order. And upon proceedings for contempt in this class of cases the only legitimate inquiry is whether the court granting the injunction had jurisdiction of the parties and of the subject-matter, and whether it made the order which has been violated, and the court will not in such proceedings, consider whether the order was erroneous. So it is no defense to contempt proceedings that the bill is

demurrable or that it is defective for want of prayer or process. And where a temporary injunction had been granted upon the filing of a bond, and afterwards new defendants were brought in by amendment and served with the injunction, but no additional bond was filed, the failure to file such new bond is no defense to contempt proceedings against such new defendants, since their remedy was by application to the court to dissolve the injunction. And in contempt proceedings, the violation of the injunction is the sole issue involved, and accordingly where a question involving the rights of the parties has been expressly left undecided in the injunction order, such question cannot be litigated in a contempt proceeding, since the only inquiry before the court is whether or not the defendant has complied with the terms of the decree.''

After the order of injunction had been violated, and before the fine was imposed, a motion was made before a judge of this court to dissolve the injunction, which motion was sustained. That order could not have a retroactive effect and relieve the petitioner of punishment for his act violating the injunction.

The writ of prohibition is denied, and the petition therefor dismissed.

Petition by petitioner for rehearing overruled.