**Florence WORMALD, Appellant,**

**v.**

**Henry MACY et al., Appellees.**

Court of Appeals of Kentucky.

June 2, 1961.

Rehearing Denied Oct. 6, 1961.

Odis W. Bertelsman, Robert B. Halloran, Newport, for appellant.

Benton, Benton, Luedeke & Rhoads, Newport, for appellees.

CULLEN, Commissioner.

Florence Wormald appeals from an order adjudging her to be in contempt of court for violation of an injunction. The order did not impose any punishment or coercive sanction pending a period of 60 days allowed her in which to purge herself of the contempt. She maintains that she has not violated the injunction.

The judgment of injunction was entered on December 21, 1959, following the issuance of the mandate of this Court in Macy v. Wormald, Ky., 329 S.W.2d 212. The judgment enjoined Mrs. Wormald "from erecting" any multiple family structure on a certain lot in violation of deed restrictions limiting the use of the lot to single-family residence purposes. The problem in this case arises from the fact that pending the trial and ultimate disposition on appeal of the action in which the judgment was entered (which was an action in which adjoining property owners had sought a permanent injunction but had not asked for a temporary injunction), Mrs. Wormald had proceeded to construct a four-unit apartment house. At the time the judgment of December 21 was entered the apartment house had been completed and was being occupied. The lower court, in holding Mrs. Wormald in contempt, treated the judgment as an injunction against *maintaining* the apartment house, which in effect meant that the house must be destroyed, removed or converted into a single-family residence.

The appellant maintains that injunctions must be strictly construed; that the injunction in question by its plain terms prohibits only the "erection" of an apartment house; and that she has not violated the injunction because she has not erected an apartment house since the date of the judgment. She further contends that the lower court could not properly have entered a mandatory injunction requiring the destruction or removal of the existing structure except upon finding after a hearing that the balance of equities was in the plaintiffs' favor, and the court could not have made such a finding here because a stipulation of facts shows that all of the equities are on the defendant's side, including a claimed equity arising from the fact that the plaintiffs did not apply for a temporary injunction pending the action.

We think it is clear that the circuit court had *jurisdictional* power to enter a

judgment expressly requiring the destruction or removal of the existing apartment house. So, the instant appeal being only from the contempt order and not from the injunction judgment, we are not concerned with the *propriety* of a mandatory injunction but solely with the question of whether the injunction issued was in fact a mandatory one. See Smith v. Miller, 122 Ky. 289, 91 S.W. 1140; Barrone v. Moseley Bros., 144 Ky. 294, 137 S.W. 1048.

We may concede the appellant's propositions that an injunction is to be strictly construed, that it will not be extended to cover acts not fairly and reasonably within its meaning, and that a party should not be punished for contempt for failing to do a certain act if the injunction is reasonably capable of a construction that it does not require the doing of such act. However, in the cases announcing these propositions the question has been whether the injunction extended to certain kinds of acts other than those specifically and unequivocally covered by its terms. In the instant case, by reason of the factual circumstances, the question simply is whether the injunction requires a particular act to be done or is completely meaningless.

The rule of strict construction does not mean that an injunction must be construed literally to the point of absurdity. Compliance with the strict letter of an injunction is not enough if there is a violation of its obvious spirit; injunctions must be honestly and fairly obeyed. Ginsberg v. Kentucky Utilities Co., 260 Ky. 60, 83 S.W.2d 497.

An injunction order is to be construed with reference to the nature of the proceeding and the purpose sought to be achieved as shown by the pleadings and the relief prayed for. It is important to consider the objects for which relief was granted as well as the circumstances attending it. 43 C.J.S. Injunctions § 264, pp. 1016, 1017; Ginsberg v. Kentucky Utilities Co., 260 Ky. 60, 83 S.W.2d 497.

Under the factual circumstances existing in this case at the time the injunction judgment was entered it is plain that the purpose, intent and spirit of the judgment were that the defendant be enjoined from maintaining on her lot a structure violating the building restrictions. This is not a case where the injunction is susceptible of more than one reasonable interpretation—no one could reasonably believe that the court intended to enter a completely vain and useless judgment.

To give the injunction the effect it obviously was intended to have, and which the parties surely understood, it must be construed as prohibiting the *maintaining* of the apartment house in violation of the restrictions. The appellant concededly has violated the injunction as so construed and therefore she properly was held in contempt.

The contempt order is affirmed.