The defendant has caused to be erected a "metal garage" upon his property at the northwest corner of Stanton place and Pacific avenue, Atlantic City, New Jersey.
The defendant's lot is a part of the land generally known as the "Hemsley Tract," and the particular restriction alleged to be violated is: "4. Private dwellings only shall be erected upon said premises, excepting, however, premises that may hereafter be reserved * * *" (the premises in question have not been reserved).
Although the affidavit of the defendant states the garage to be connected to his dwelling-house, counsel for him states that that "connection" consists of two iron bars extending from the roof of the garage to the house. A cursory examination of the premises show the garage to be an independent building, and the bars are clearly only supports or braces to prevent the garage moving from the effect of wind or otherwise. *Page 190 
The building complained of is not a "private dwelling," nor does it form a part of a "dwelling-house." The defendant contends that he, as a physician, requires his automobile, a necessity in his profession, to be immediately available, and, to be so available, it must be stored upon his premises.
I find nothing in Trainer v. Calef, 96 N.J. Eq. 657; 2 N.J.Adv. R. 1475, cited by the defendant, to sustain this contention, and it cannot prevail. He also claims laches on the part of the complainant. The garage was erected in two days, on the first of which notice was given to the workmen to cease. The defendant and his wife were out of Atlantic City during the two days of the erection. They cannot complain that they did not receive notice before the completion of the garage because of their absence.
Contention is also made that the restrictive covenants have been abandoned. There is no proof of such abandonment.
The result is that an injunction will be advised in accordance with the second prayer of the complianants' bill.