## JOHNSTON et v. PARKIN.

Ohio Appeals, 9th Dist., Summit Co.

No. 1577. Decided Oct. 17, 1928.

**First Publication of This Opinion.**

Syllabus by The Court.

**REAL ESTATE.**

(510 B3f) Deeds which restrict the use of lots in an allotment to "only one residence," limit their use to buildings designed for homes for one family.

Appeal from Common Pleas.

Donald Gottwald, Akron, for Johnston, et.

Sheck, Stevens & Hargreaves, Akron, for Parkin.

### STATEMENT OF FACTS.

The parties to this suit own lots in the Francis A. Brodbeck, Jr., Park Addition to Cuyahoga Falls, which allotment contains 380 lots—defendant's lot being No. 272 of said allotment.

It is alleged by the plaintiffs and admitted by the defendant that she has started and is about to erect an apartment house upon her said lot, to contain four suites, or apartments, and that each one is to be separate and distinct. It is also admitted that 80 single dwelling houses have been erected in said allotment.

It is claimed by the plaintiffs that the erection of said building by the defendant will be in violation of one of the restrictions contained in defendant's deed, which restriction is common to all of the deeds to all of the lots contained in said subdivision and of which restriction the defendant and all of the other lot owners in said allotment had full and due notice; said restriction being the following, to wit:

"3rd. That these premises be used for residence purposes only; * * * and only one residence shall be erected on any lot * * *."

PARDEE, J.

We have had cited to us, by the attorneys in this case, the decisions in the cases of Hunt v. Held, 90 OS. 280; Arnoff v. Williams, et al., 94 OS. 145; Arnoff, et al., v. Chase, et al., 101 OS. 331, and Hitz v. Flower, et al., 104 OS. 47. The plaintiff's attorney relies upon Arnoff, et al., v. Chase, et al., supra, and the defendant's attorneys rely upon the other cases herein cited.

From an examination of these cases and the facts in the instant case, we are unanimously of the opinion that the case of Arnoff, et al., v. Chase, et al., supra, controls us in arriving at a proper decision in this case.

The court said, in referring to deed restrictions, that the words "house" and "residence," as used in common speech, are the equivalent of the home known as a residence occupied by one family.

We are satisfied that the original alloter, when he used the expression "only one residence shall be erected on any lot," intended that any residence building erected thereon should be used as a one-family residence, as the phrase is commonly used and understood by people who buy and sell real estate; and when the defendant attempts to erect a building on her lot for the purpose of having four single residences in one building, she violates the plain and ordinary meaning which should be and is given to the word "residence," and her attempt is as much a violation of the restrictions as though the defendant were attempting to erect four single residences upon said lot—which right, of course, the defendant would not claim.

We are therefore of the opinion that the plaintiff is entitled to the relief asked, and a permanent injunction is issued, preventing the said defendant from erecting the building that she admits she intends to erect. (Washburn, PJ., and Funk, J., concur.)