INA M. BRUCE, complainant,

*v.*

EDGAR N. MCCLEES, defendant.

[Decided February 10th, 1932.]

*Mr. Lester C. Leonard,* for the complainant.

*Messrs. Quinn, Parsons & Doremus,* for the defendant.

BERRY, V. C.

The bill is to enjoin the defendant from maintaining and using a private garage attached to the rear of his dwelling house, which is located on a lot adjoining the residence of complainant. The only question involved is whether or not that garage, as constructed, violates a restriction, common to all deeds for lots in the tract, which reads as follows:

"No garage, stable or other outbuilding shall be constructed, erected, placed or maintained upon said land nearer than 100 feet to the east side of Buena Place."

The garage as constructed is within the proscribed one hundred feet but it is contended by the defendant that because it is attached to the dwelling house it does not come within the inhibition of the restriction. At the final hearing, the court construed the restriction to be "against a stable, or a garage, which is an outbuilding," and this construction was assented to by counsel. Counsel for complainant in his brief, however, now argues against this construction and insists that the word "other" is an adjective referring only to the word "outbuilding." But I think it is clear that the words "other outbuilding" have a close and definite relation to the words "garage" and "stable," and are, in effect, descriptive thereof. With this construction the restriction reads: "No garage which is an outbuilding, and no stable which is an outbuilding, and no other outbuilding shall be constructed," &c. I adhere to the construction placed upon the restriction at the trial. The real question presented for decision, therefore, is whether or not the structure complained of is an outbuilding; if not, it may lawfully be maintained; but if it is an outbuilding, then it is violative of the restrictive covenant.

The Standard Dictionary defines an outbuilding as "a small building appurtenant to a main building and generally separated from it; an outhouse." And "outhouse" is therein defined as "a small building standing apart from, but appurtenant to, a main or large building or dwelling; an outbuilding." The words "outbuilding" and "outhouse" are often used interchangeably. *Bennett* v. *Haerlin, 107 N. J. Eq. 224; 46 Corp. Jur. 1156.* Bouvier's Law Dictionary defines "outhouse" as "a building adjoining or belonging to a dwelling house," "a building subservient to yet distinct from the mansion house, located either within or without the curtilage." Wharton's Law Dictionary defines an "outhouse" as "a building belonging and adjoining to a dwelling house." Other definitions will be found in *Words and Phrases, 1st*

*and 2d Series.* An interesting discussion of the meaning of the word "outhouse" (or outbuilding) as used in a restrictive covenant will be found in *Bassett* v. *Pepe, 94 Conn. 631; 110 Atl. Rep. 56,* where the court said:

"What we are concerned with is the question whether, in view of its attachment to the house, this garage is to be considered as a thing apart from the house.

"The term 'outhouse' naturally implies that the structure under consideration is not one with a dwelling house. Clearly it must be something distinguishable and distinct. from the dwelling house to which it is subservient. Otherwise it were ill named. Upon the question as to what the requirement as to distinction and separation imports and what it signifies, adjudicated cases, * * * throw little light."

A further reading of the opinion will show that while the question of whether or not an outhouse is of necessity a structure separate and standing physically apart from the dwelling house to which it is subservient is there. raised and discussed at some length, it is not answered. The authorities,. it seems, are not in complete accord as to the exact meaning of the words but it is noteworthy that reputable legal author-ities (Bouvier and Wharton) say that an outhouse is "a building belonging and adjoining *to* a dwelling house." My own opinion is that absolute physical separation from the mansion house is not necessarily the distinguishing feature of an outbuilding and that outside appearances are not always conclusive. I suspect that the term "outhouse" may anciently have been almost solely descriptive of that "weather beaten object * * * behind the house and barn * * * a half a mile or more," immortalized in verse and prose by James Whitcomb Riley and Chic Sales; and, if the present controversial garage is permissible, the defendant might with all propriety attach one of those interesting structures to the rear of his garage and within the proscribed area. But it is hardly to be supposed that he would be permitted to do so without strong protest on the part of his neighbors.

But this restriction does not prevent the construction and maintenance of the modern type of attached garage, if it is an integral part of the dwelling house and so constructed as not to give the effect of a separate building and so attached to the house as to present the appearance of and be, in fact, architecturally and otherwise, part of it. *Peirce* v. *Beyer, 66 Col. 554; 185 Pac. Rep. 348; Bassett* v. *Pepe, supra.* The practice in modern building construction of including a garage as an integral part of a dwelling house was referred to by me *arguendo* in *Hilsinger* v. *Schwartz, 99 N. J. Eq. 288.* If the structure in question is an integral part of the dwelling house itself; is accessible from within as other rooms in the building are accessible, whether built at the same time as the mansion house or added thereto at a later time; if it is one with the dwelling house, then it is not an "outhouse" or "outbuilding." But if the physical connection is merely by attachment on the outside with no means of communication between that structure and the main building; if it is a mere makeshift, a shed, or a lean-to, and its only claim to being a part of the dwelling house itself rests upon a mere physical attachment, then in my judgment it is an outbuilding. A definition of universal application, however, is well nigh impossible, and each case involving the problem must be governed by its peculiar facts and circumstances.

In *Rothholz* v. *Stern, 97 N. J. Eq. 189,* Vice-Chancellor Ingersoll enjoined the erection of a garage which was connected with the dwelling house by two iron bars extending from the roof of the garage to the house as violative of a restriction that "private dwellings only shall be erected" upon said premises; a finding, in effect, that the garage, notwithstanding its physical connection, was an outbuilding. And in *Trainer* v. *Calef (Court of Errors and Appeals), 96 N. J. Eq. 657,* it is indicated that the construction of a private garage as an addition to a dwelling house, and in architectural harmony therewith, would not violate a covenant restricting the use of a dwelling house exclusively to private dwellings, a finding, in effect, that a "built in" garage does

not change the character of the dwelling but is rather absorbed in it.

But neither *Sullivan* v. *Sprung* (*N. Y.*), *170 App. Div. 237,* nor *Wilmot* v. *Gandy, 203 N. Y. Supp. 535,* cited by counsel for the defendant, have any controlling application to this controversy. In the first of these cases the court held that the restriction was against offensive business including public or *quasi*-public garages and not against private garages; in the second, while it was found that the garage complained of was one with the building, and, therefore, not within the covenant, the case was disposed of under the doctrine of unclean hands. Being in some doubt from the evidence submitted at the final hearing as to the character of the construction of this garage I made a personal inspection of the building, and I found that the casual observer, looking at defendant's house from one side, might conclude that the addition complained of was an integral part of the main building, as the weatherboards of the addition interlap with those of the enclosed side of the back porch; and the roof, while of different construction from the main roof, is joined to the roof of the back porch in a manner to suggest that the structure from the main part of the building back to the extreme rear end enclosed a back kitchen or storeroom; but the casual observer from the other side of the house will immediately see that this addition is not one with the main building, but is, in fact, separate, distinct and apart from it. The addition is completely enclosed on two sides only. The side next to the back porch is entirely open to the elements except as protected by the back porch, and the side next to complainant's dwelling is opened or closed by means of sliding, folding doors, left open, of necessity, when I inspected it, because the building was not deep enough to completely enclose the car therein housed. The addition is not finished on the inside and has no floor. There is no entrance to it from the house and to enter it from the main building it is necessary to descend the steps of the back porch to the ground. It is not "built in," but is *built out.* The structure is an outbuilding and is prohibited by the covenant.