### LEBO et v FITTON et

Ohio Appeals, 1st Dist, Butler Co

No 822.   Decided Jan 19, 1942

Z. A. Morgenthaler, Hamilton, for appellants.

Stuart M. Fitton, Hamilton, for appellee.

### OPINION

By ROSS, J.

Appeal on questions of law from the Court of Common Pleas of Butler County, Ohio, wherein that court dismissed a petition praying for an injunction against the violation of a building restriction which provided "No other than a single dwelling house shall be erected on any one lot, excepting that a private garage or servants' quarters may be built on rear of lot."

The case was tried on an agreed statement of facts, which was properly filed with the court and is noted in the judgment entry.   There is no bill of exceptions.   This court is confined entirely to the facts set out in such agreed statement of facts.   It appears from this that the defendants are about to construct an admittedly two-family residence.   The apartments are one above the other, and complete and wholly distinct, except for the use of a common front and rear entrance. The upper apartment is to be rented to a companion of the owner and occupant of the lower apartment.

We approach a consideration of the claim of the plaintiffs that this restriction is about to be violated, having presented the guidance of the rule laid down in **Frederick v Hay et, 104 Oh St 292.**   The syllabus of this case is:

"Where the words of a restriction contained in a deed of conveyance are equally capable of two or more different constructions, the construction will be adopted which least restricts the free use of the land.   (**Hunt v Held, 90 Oh St 280,** approved and followed)."

In that case the restriction applied to "one dwelling".   On pages 297 and 298 of the opinion the court say:

"Both parties cite the case of **Hunt v Held, 90 Oh St 280,** and the case of **Arnoff v Williams, 94 Oh St 145.**

The common pleas court and one member of the court of appeals construed the words 'one dwelling' to mean one habitation, one place of abode. The majority of the court of appeals construed the words 'one dwelling' to mean a single dwelling intended for the occupancy of but one family.

It is apparent from the language of the restriction, from the authorities

cited, and from the different conclusions of the learned judges who have heretofore considered this case, that either construction may be justified and that neither may be accurately declared incorrect, and in the absence of any rule of construction operating in favor of or against the restriction a court would be left to guess at what was in the minds of the parties to the contract and what they meant to bind themselves to do and not to do, in making use of the words 'one dwelling', and what warning or notice those words convey to subsequent purchasers and what restriction they impose upon their use of the land.

But in view of the rule of construction announced by this court in the case of Hunt v Held, supra, wherein the court declared that: 'Where the right to enforce a restriction contained in the conveyance as to the use of the property conveyed is doubtful all doubt should be resolved in favor of the free use thereof for lawful purposes by the owner of the fee,' and the application of that rule to the restriction here under consideration, there remains nothing for this court to do other than to say that since the meaning of the language of the restriction is not certain, definite and clear, and is equally capable of either construction contended for, the doubt will be resolved against the restriction rather than in its favor, and the court will give to the language the meaning, of which it is equally capable, which least restricts the free use of the land."

The syllabus of **Hunt v Held, 90 Oh St 280**, is to the same effect as **Frederick v Hay et, 104 Oh St 292**. The syllabus in Hunt v Held is:

"1. Where the right to enforce a restriction contained in the conveyance as to the use of the property conveyed is doubtful all doubt should be resolved in favor of the free use thereof for lawful purposes by the owner of the fee.

2. A clause in a conveyance restricting the use of the property conveyed 'for residence purposes only' does not prohibit the erection of a double or two-family house on the premises."

At page 283 of the opinion, this language appears:

"Counsel say that the words were intended to describe a type of building. We think not. The word 'residence' has reference to the use or mode of occupancy to which the building may be put. If it had been intended that the building was to be for the use of one family only, words indicating such an intention would have been used, as is frequently done, such as 'a single residence', 'a private residence', 'a single dwelling house'. And it is to be noted that the common grantor here, in his deed to another lot owner in the subdivision, used the expression: 'This property is sold for single residence purposes only'."

It will be noticed that the language of this restriction involved in the instant case is identical with that suggested by the Supreme Court in Hunt v Held, as indicative of positive intention to limit to one family use—"a single dwelling house." Hunt v Held is approved in **Arnoff v Williams et, 94 Oh St 145.**

If the position of the defendants is correct that the restriction applies only to the number of residences and not to the number of accommodations therein for separate families, a twenty-story apartment building could be erected upon the premises. If two families can occupy the residence without violation of the restriction then one hundred families could do so. Such is not the obvious intention of the parties. Circumscribed by the limitations placed by the rule in Frederick v Hay et, it is still apparent that the parties to the deed containing the restriction manifestly intended that a residence erected upon the lot should be limited in design to the accommodation of a single family. If the decisions of courts are to be respected, guidance contained therein, adopted in social transactions,

should not be lightly ignored, when such guidance has been followed and adopted. Whether or not the deed in question was executed before or after the decision of Hunt v Held is beside the point. Such deed is now under consideration.

It must be admitted that the meaning would have been more securely determined had the grantor used such terms as one family residence, but it is also obvious that there is a difference between the connotation of one residence or one dwelling and "a single dwelling house". Such latter term as is indicated in the opinion of Hunt v Held evidently has a generally accepted significance consistent with the contentions of the plaintiffs. Certainly, there would be no difficulty in determining the meaning of the words—double or triple dwelling house.

For these reasons, the judgment of the Court of Common Pleas will be reversed and judgment here entered for the plaintiffs, making permanent the injunction prayed for.

MATTHEWS, PJ. and HAMILTON, J., concur.