STANLEY M. GROSSMAN, PLAINTIFF, v. JOSEPH ABATE
AND CAROLYN ABATE, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided April 29, 1952.

*Mr. Harry M. Tonkin,* attorney for the plaintiff.

*Mr. John Rauffenbart,* attorney for the defendants.

HANEMAN, J. S. C.  Plaintiff herein seeks a prohibitory and mandatory injunction directing the defendants Joseph and Carolyn Abate to desist from continuing with the construction of an addition to their mansion house, which is to be used for a private garage and outdoor living room, and to remove the same to a distance of at least 40 feet from the property line of Union Avenue, Margate City, New Jersey. The facts herein, as garnered from the stipulation and admissions in the pleadings, are as follows:

By deed dated January 19, 1910, Howard G. Harris and Ida M. Harris, his wife, transferred and conveyed unto Margate Company, a corporation of the State of New Jersey, a tract of land then and ever since known as "Margate Park." The said tract of land was plotted and divided into 78 blocks or partial blocks of lands, being all lands lying between the Atlantic Ocean on the south and Beach Thoroughfare on the north, bounding upon the following streets, to wit: Mansfield, Nassau, Osborne, Pembroke, Quincy, Rumson, Sumner, Thurlow, Union and Vendome Avenues.  In and by said deed last mentioned, which was recorded in the office of the Clerk of Atlantic County at Mays Landing, New Jersey, on January 21, 1910, the said Howard G. Harris and his wife imposed upon said lands therein described certain restrictive covenants.  These covenants, as far as here pertinent, read as follows:

"UNDER AND SUBJECT to the following covenants and conditions (hereafter to be designated as 'Improvement Restrictions') which are hereby made a part of the consideration of this conveyance and are accepted herewith by the party of the second part.

1. On the premises hereby demised * * * no building or part thereof shall be used or erected except for any one or more of the following purposes * * *

(d) as a private detached dwelling house. * * *

(f) one private motor garage and one private stable may be erected on each lot as shown on said plan; provided however that if any

such building is constructed as a detached building it shall not cost less than $300. and provided further that no portion of any such garage or stable shall be within 40 feet of the front property line of said lot."

In interpreting restrictive covenants it must be borne in mind that courts of equity do not aid one man to restrict another in the use to which he may lawfully put his property, unless the right to such aid is clear. *Fortesque v. Carroll*, 76 *N. J. Eq.* 583 (*E. & A.* 1909); *Howland v. Andrus*, 81 *N. J. Eq.* 175 (*E. & A.* 1912); *Frisch v. Rutgers Village*, 8 *N. J. Super.* 392 (*Ch. Div.* 1950).

The defendants are the owners of adjoining parcels of land within the area mentioned and described in the said deed from Howard G. Harris and wife to Margate Company, and derive their respective titles by *mesne* intervening conveyances from said Margate Company. The defendants lots are located on the north side of Atlantic Avenue, extending from the westerly line of Thurlow Avenue to the easterly line of Union Avenue. Located thereon is a two-story private detached dwelling.

The defendants have recently built an addition to this mansion house originally erected on said lots, extending southwestwardly from the southwesterly side of said house toward Union Avenue, consisting of a utility room and a kitchen, and have continued the foundation of said utility room and kitchen for a distance of 51 feet southwestwardly toward Union Avenue. It is upon this foundation that the defendants propose to build a brick garage and outdoor living room or recreation room, at a cost in excess of $300. The entrance to said garage, facing Union Avenue, is set back 20' 4" from the property line on Union Avenue. The northerly side of said proposed outdoor living room and garage is 3' 2" southwardly from the northerly property line of said defendants' lots, which property line is the southerly line of plaintiff's lot. The southerly side line of said outdoor living room and garage is 37' from the northerly line of the Atlantic Avenue street line.

The outdoor living room and garage are to be built of the same exterior materials as the main dwelling house. The roofs of the same are to be a continuation, at different levels, however, of the roof of the main dwelling house and kitchen, and they are to be constructed of the same materials. Access from the utility room to the garage is to be by a door connecting the garage with the outdoor living room, and another door connecting the outdoor living room with the utility room. The plans as filed disclose that the garage, the outdoor living room, and the utility room are so integrated with the main building that the exterior appearance is given as one continuous structure.

For the purpose of this opinion, it is admitted that the restrictive covenants are a part of a neighborhood scheme and binding upon all of the parties before this court.

■ The ultimate issue which this court is asked to resolve is whether or not the erection of said garage and outdoor living room contravenes the restrictive covenants in the aforementioned deed.

Plaintiff alleges that the proposed construction of the room to be used as a garage violates paragraph (f) of the restrictive covenants above quoted, in that it is within 40 feet of Union Avenue.

The defendants assert that this paragraph of the restrictive covenants is not applicable to them, since the room to be used for a garage is an integral part of the main mansion house, and the restrictive covenants requiring a set-back of 40 feet applies only to a separate building to be used for garage and stable purposes. They have as well raised other matters by way of defense which, in view of the conclusions hereinafter set forth, it will not be necessary to determine.

In *Murtha v. McGarry,* 112 *N. J. Eq.* 454 (*Ch.* 1933), Vice-Chancellor Buchanan had before him a restrictive covenant very similar, although not identical in language, to that now before the court. The question there concerned itself with a proposed addition to an existing residence, which said addition was to be used as a single-car garage.

The complainant there asserted that the proposed use to which the addition was to be put, *i. e.,* a private garage, was violative of the restrictive covenant which, in part, prohibited the erection of "any building to be used or occupied for any other purpose than as a private residence or dwelling house." The vice-chancellor there held that the general design to develop the tract as a residential tract, together with the language there employed, demonstrated an intent that no building except a general residential building (which might or might not include a room for housing a private car) should be erected on the front line of the lot, and that other separate buildings for auxiliary residential purposes should be kept to the rear of the lot, in accordance with said restrictions, which provided that "* * * necessary and suitable garages and out buildings may be erected on the rear of the lot * * *."

The rationale of that opinion and the facts upon which it is based is applicable to the case *sub judice.* It is apparent from an examination of the restrictive covenant here involved that Howard G. Harris and his wife, at the time of the imposition of the restrictive covenants, were desirous that certain sections of the tract being developed were to be used solely for residential purposes. It also seems clear that subject to certain set-back restrictions, it was desired that garages and stables, as auxiliary buildings, should be located farther back from the streets than residences facing said streets. *Murtha v. McGarry, supra.*

The restriction herein, as there, is not that automobile housing should be restricted to 40 feet from the front property line of a lot, but rather that separate buildings constructed for that purpose should be kept back to 40 feet from the front property line of said lot.

Although the language is not crystal clear, this conclusion is strengthened by paragraph (f) of the restrictive covenants, which results in the conclusion that the 40-foot restriction applies only to a "detached building" to be used as a garage or stable.

That a garage or stable may be incorporated as an integral part of a residence, where like phraseology in a restrictive covenant was used, is supported not only by *Murtha v. McGarry, supra,* but also by *Bruce v. McClees,* 110 *N. J. Eq.* 92 (*Ch.* 1932), affirmed 112 *N. J. Eq.* 172 (*E. & A.* 1932). In this latter case, although the court found that the garage was not an integral part of the main residence building, the law was clearly stated, so that when applied here, it must lead to the conclusion that the garage and outdoor living room are a part of the main residence building.

It is therefore here held that the set-back restriction providing that no portion of a garage shall be within 40 feet of the front property line of a lot applies only to a separate, detached building, and not to a room to be used for garage purposes, incorporated as an integral part of the main detached dwelling or mansion house. Since the location of the foundation here in question is sufficiently removed from Union Avenue to comply with the requirements for the main dwelling house, the defendants have not violated the covenants in question.

The complaint will be dismissed, in accordance with the foregoing.