**Henry MACY et al., Appellants,**

v.

**Florence WORMALD et al., Appellees.**

Court of Appeals of Kentucky.

June 19, 1959.

Rehearing Denied Dec. 18, 1959.

Benton, Benton, Luedeke & Rhoads, Newport, for appellants.

Robert B. Halloran, Newport, Sawyer A. Smith, Covington, for appellees.

CLAY, Commissioner.

This suit was brought to enjoin defendant appellees from violating a deed restriction by the erection of an apartment house in a residential subdivision. The Chancellor determined that the proposed building did not violate the restriction.

The lot involved, in Lakeside Park Subdivision, was subject to the following restriction prior to its conveyance to defendant Wormald:

"Said lots shall be used only for residence purposes, and *only one residence* shall be erected upon each lot * * *." (Our emphasis.)

The deed to defendant Wormald purported to amend the restriction by providing "said residence shall contain not more than 4 units." This suit was filed when defendant Wormald began construction of a four-unit apartment house on the lot.

It seems clear to us from a simple reading of the original restriction above quoted that "only one residence" means exactly what it says and that it cannot be stretched to mean four residences. The noun "residence" itself is singular, and the definitions in Webster's New International Dictionary all indicate that a residence is a dwelling place or abode of a single person or family unit. This is likewise the commonly understood meaning. As said in Gerstell v. Knight, 345 Pa. 83, 26 A.2d 329, 330, involving an identical restriction:

"We have no doubt about the meaning of the words in question; they mean exactly what they say, and in that sense should be given effect. It is unnecessary to consider near-synonyms nor to resort to rules of construction. The question simply is whether one family or a number of families should at one time occupy the land."

As said in Johnston v. Parkin, 33 Ohio App. 174, 168 N.E. 755, 756, which involved the identical language and exactly the same kind of apartment house we have before us:

"We are satisfied that the original allotter, when he used the expression 'only one residence shall be erected on any lot,' intended that any residence building erected thereon should be used as a one-family residence, as the phrase is commonly used and understood by people who buy and sell real estate; and when the defendant attempts to erect a building on her lot for the purpose of having four single residences in one building she violates the plain and ordinary meaning which should be and is given to the word 'residence,' and her attempt is as much a violation of the restrictions as though she were attempting to erect four single residences upon said lot—which right, of course, the defendant would not claim."

Instead of accepting the obvious meaning of this language and abiding by the clear intention of the original grantor in the establishment of this residential subdivision, it is insisted we should resort to a hypertechnical dissection of the words used, should create an ambiguity, should construe the word "residence" as being an adjective, and after adding the word "building" to the phrase, should reach the conclusion that a multiple family dwelling does not violate the restriction. A recent case somewhat following this process is Bear v. Bernstein, 251 Ala. 230, 36 So.2d 483, 14 A.L.R.2d 1372. Therein the Alabama Supreme Court took the view that the same language we have before us involved nothing but the *nature of the building,* and it

was said that if the grantor had intended to exclude an apartment house, he would have said so. In our opinion the words "one residence" (as used in the restriction under consideration) fix the nature of the building *by designating its use,* and when the original grantor has restricted property to one single character of use, it is not necessary to detail the other uses which are prohibited. For those interested in pursuing the refinements of language construction in similar restrictions, see extensive notes in 175 A.L.R. 1191 and 14 A.L.R. 2d 1376.

Defendants rely upon McMurtry v. Phillips Inv. Co., 103 Ky. 308, 45 S.W. 96, 40 L.R.A. 489. In that case the deed, after providing that the property shall be used for residential purposes only, further provided "in erecting a residence therein, it shall be built of brick or stone, etc." The quoted language was held to designate the physical characteristics of the *building* (which it obviously did), and did not limit its residential use to a single family unit. In the case before us the restrictive language "only one residence" is not a physical description of the type of building, but fixes its character by specifying its only permissible use.

■ In the very recent case of Brandon v. Price, Ky., 314 S.W.2d 521, 523, we said:

"Under the modern view, building restrictions are regarded more as a protection to the property owner and the public rather than as a restriction on the use of property, and the old-time doctrine of strict construction no longer applies."

■ ■ In other words, the law (and equity) will protect and enforce the property rights of those who have built and bought residential homes in reliance upon deed restrictions which clearly show an intent to limit construction in a particular area to residential homes. That is what the present restriction did. The purpose

and intent of the original grantor in creating the exclusive residential area of Lakeside Park, as shown by the restrictive language employed, was to limit this use to one residence on each lot. The defendants have violated this restriction by undertaking to authorize and erect a building which will constitute four residences.

The plaintiff appellants are entitled to the full injunctive relief prayed in their complaint.

The judgment is reversed for consistent proceedings.