WIGGINTON, Acting Chief Judge.
This appeal is from a summary final decree entered in a chancery action by which appellants seek a mandatory injunction .requiring defendants to remove from a designated lot in a developed subdivision a detached garage allegedly constructed in violation of a restrictive covenant applicable to all lots in the subdivision. The complaint also prays for an injunction restrain *543 ing the individual defendant from disposing of sewerage in a manner contrary to the restrictive covenants applicable to the property in question.
With respect to the prayer for a mandatory injunction requiring removal of the detached garage the .restrictive covenant in question is as follows:
“No building other than a single family residence shall be built on any lot, except buildings to house public utilities, garages, garage apartments, servant quarters or guest homes used for domestic purposes only, which may be built on the rear one-third of the lot.”
The evidence reveals without dispute that the detached garage erected by defendants is not located on the rear one-third of the lot, but was built nearer to the front lot line in direct violation of the restrictive covenant under consideration.
Answers to interrogatories propounded to all ten of the plaintiffs .reveal that one of the plaintiffs had built and now maintains on his property a small red brick pump house within 12 feet of the front property line. The answers further reveal that all but two of the ten other plaintiffs have built and maintain either a carport or garage wholly within the prohibited area. All the structures built by plaintiffs were completed prior to the erection of the disputed garage by defendants.
Defendants moved for summary decree on the principal ground that the plaintiffs had by their own affirmative action waived whatever rights they had to enforce the restriction against defendants, and do not come into equity with clean hands. In opposition to the motion plaintiffs contend that the carports and garages built and maintained by them are all attached to their dwellings, and that under applicable principles of law such facilities do not violate the restrictive covenant which requires that garages be built on the rear one-third of the lot. With regard to the one plaintiff who built and maintains a detached pump house on the front portion of his lot, it is contended that this may constitute a technical violation of the restriction, but is not such a violation as will bar this plaintiff from the relief prayed by the complaint. It is further contended that should a contrary conclusion be reached, such should not preclude the .remaining plaintiffs from the relief they seek.
Under established principles of law pronounced by courts outside Florida, it appears to be the majority view that where a garage is so attached to a dwelling as to be an integral part thereof, presenting the appearance of and being in fact, architecturally and otherwise, part of it, it is considered as a part of the dwelling house and its construction will not violate zoning ordinances or restrictive covenants which either prohibit the construction of garages or confine their construction to a designated portion of the lot on which the dwelling is erected.[1] A case similar in every respect to the one now under consideration, and which follows the general rule above stated, is Murtha decided by the Court of Chancery of New Jersey in 1933.[2] It has been held, however, that although a garage is attached to a dwelling, it will be considered an outbuilding and not an integral part of the main building when its construction and method of attachment are not in conformity with the architectural design of the dwelling so as to make it an integral part thereof, and it not only has the appearance of but in fact is merely a make-shift, a shed, or a lean-to from which there is no means of access to the dwelling except from outside the house.[3]
*544 By his summary final decree the chancellor expressed the view that the New Jersey decision rendered in Murtha and mentioned above supports plaintiffs’ position that the garages attached to the dwellings owned by them do not constitute a violation of the restrictive covenant in question. However, he based his decision upon the subsequent decision of Galton rendered by the Supreme Court of Michigan.[4] The chancellor considered the Galton decision to be in conflict with the principle announced by the New Jersey Court in Murtha, and concluded that the decision in Galton was a sounder principle of law which should control his decision in this case. The chancellor interpreted Galton to mean that even though a private garage forms an integral part of the dwelling and conforms in all respects to the architectural design thereof, that nevertheless it remains a garage within the purview of restrictive covenants prohibiting its construction except on the rear portion of the lot. Having found from plaintiffs’ answers to interrogatories that most, if not all of them had, under the doctrine of the Galton case, violated the restrictive covenant on which they relied for relief, the chancellor entered his summary decree dismissing the complaint with prejudice insofar as it seeks a mandatory injunction.
The Galton decision construed a restrictive covenant which required that garages be built only on the rear portion of all lots to mean that a garage could be attached to a dwelling but could not be located forward of the rear wall thereof. The garage in that case was located forward of the .rear wall of the dwellings so was held to violate the restriction. This ■court judicially knows and takes cognizance ■of the fact that modern architectural design of dwellings built in this state includes carports or garages as integral parts of dwellings. To adopt the rule of law announced in Galton as the law of Florida would cause most dwellings to be in direct violation of both zoning ordinances and .restrictive covenants applicable to most residential subdivisions. The Galton case stands alone in the jurisprudence of this country, and insofar as our research reveals has not been followed by any other state. The doctrine of the Galton case must therefore be rejected.
We are of the view that the .rule pronounced by the New Jersey Court in Mur-tha, as supported by the majority of other courts in this country, is the rule of law applicable to the question presented in this case. The chancellor therefore erred in holding to the contrary. We are, however, unable to reverse the decree appealed for the following reasons.
The only evidence before the chancellor at the hearing on defendant’s motion for summary decree was the answers to interrogatories propounded to and answered by the parties. The answers given by the several plaintiffs to the pertinent questions put to them merely state that they built and now maintain either garages or carports on the prohibited area of their lots, but that in each instance the carport or garage is connected to the dwelling owned by them. The answers fail to give any description or other information as to the method by which the carports or garages are constructed, how they are connected to the dwelling, whether their construction conforms to the architectural designs of the dwellings and whether they are in fact an integral part thereof. In order to have avoided the entry of summary decree it was necessary that evidence be adduced tending to establish that the carports and garages did not violate the restrictive covenant within the general rule announced in Murtha. From ought that appears from the answers given by plaintiffs, their car *545 ports and garages could have been so attached to their dwellings as to compel the conclusion that they were mere makeshifts, sheds, or lean-tos which have uniformly been considered as outbuildings and in violation of restrictions prohibiting such structures or requiring that they be erected only on the rear portion of the lot. Because of the dearth of evidence on this point we are unable to hold that the chancellor abused his discretion in denying plaintiffs the relief sought by their complaint, and in entering his summary decree of dismissal.
The decree appealed did not adjudicate that issue made by the complaint which prays for an injunction restraining the individual defendant f,rom disposing of sewerage in violation of the applicable restrictive covenant. This issue remains open for further proceedings and future determination.
The decree appealed is accordingly affirmed.
STURGIS and RAWLS, JJ., concur.

.14 Am.Jur.. —Covenants, Conditions and Restrictions, Section 233, p. 627; 54 A.L.R. 668; 99 A.L.R. 542; 7 A.L.R.2d 593.

. Murtha et al. v. McGarry, 112 N.J.Eq. 454, 164 A. 698.

. Bruce v. McClees, 110 N.J.Eq. 92, 158 A. 849, aff'd. 112 N.J.Eq. 172, 164 A. 14; *544 Rothholz v. Stern, 97 N.J.Eq. 189, 127 A. 97; Selligman v. Western and Southern L. Ins. Co., 277 Ky. 551, 126 S.W. 2d 419.

. Galton et al. v. Heftler et ux., 284 Mich. 445, 279 N.W. 896. .