YARRUT, Judge.
Plaintiffs appeal from the refusal of the District Court to enjoin Defendant from constructing additional residential units in the basement of his home (for leasing to tenants) in violation of subdivision title restrictions of 1922 reading, inter alia, viz.:
“The purchaser agrees to the following restrictions, which the vendor agrees to embody in all contracts, viz.:—
* # * * * *
“That the cost of construction of houses shall be as follows: Fronting on Metairie Road, not less than $3500.00, single houses. Inside lots to and including 17 and 18 not less than $3000.00 single houses only.
“No building shall be constructed or appurtenances thereof at a less depth *809 than twenty feet of the inner line of the sidewalk, and Lots B and C no building shall be nearer than twenty six feet of the inner line of the side walk and five feet to rear property line. Only one dwelling house is to be constructed or erected on each building site, and including 17 and 18. * * * ”
The restricted subdivision where Plaintiffs and Defendant and 22 others maintain costly residences, is known as “Tokalon Place” in Jefferson Parish.
It is stipulated that Defendant was in process of converting his home from a single-family dwelling into three separate family rental units, two of them in the basement.
In denying the injunction, the District Court gave as reasons, inter alia, the following :
“It is the opinion of the Court that in the restriction cited as No. 1 herein-above, it was the intention of the sub-divider to stipulate the minimum amount of cost or value of the buildings and improvements to be constructed, rather than the character of their utilization. True, the word single house was used; however, when considered in the light of the opening sentence of this particular restriction, it pertains solely and exclusively to the cost and type of construction. The only logical conclusion to be drawn is that the subdivider did not intend to apply this particular section to the character of the occupancy of the residence, otherwise he would have further qualified it by the use of the term single family house rather than single house.
“The second restriction involved and quoted above as No. 2 presents one more difficult of proper interpretation. After establishing the front and side-yard setback lines, the subdivider then used the term “only one dwelling house” is to be constructed on each building site.
“Plaintiff contends that this phrase clearly means that the author intended only single family residences were to be built; whereas, the defendant contends that it can only be construed as meaning only one dwelling shall be constructed on each lot. The distinction between these interpretations is very pronounced because the former would prohibit the defendant from renting her apartments; whereas, the latter would permit it. * * * ”
We cannot agree with these conclusions. The purpose of restricting a residential subdivision is to protect property values, by preventing overcrowding, fire, traffic, and unsanitary hazards.
The words “one dwelling home” or “single dwelling house,” as used in a deed restricting construction, indicate a manifest intent that a residence erected should be limited in design to the accommodation of a single family, precluding the erection of a single building containing three wholly distinct apartments. Lebo v. Fitton, 71 Ohio App. 192, 41 N.E.2d 402, 403. In that case the court, in giving a strict construction to the restriction, held:
“If the position of the defendants is correct that the restriction applies only to the number of residences and not to the number of accommodations therein for separate families, a twenty story apartment building could be erected upon the premises. If two families can occupy the residence without violation of the restriction, then one hundred families [can] do so. Such is not the obvious intention of the parties.”
In Harris v. Roraback, 137 Mich. 292, 100 N.W. 391, the court construed the clause, “ * * * will not occupy said premises except for one dwelling house to each lot,” to mean:
“When the parties agreed not to occupy said premises, ‘except for one dwelling house/ they obviously intend *810 ed to agree, and they did therefore agree, that no building should be thereon erected which could not be described as one dwelling house in the sense in which the words are ordinarily used — ■ and we must presume these words to be used in that ordinary sense — a building planned and designed for two or more dwellings cannot properly be described as one dwelling house. I think we are bound to hold that by the language in question the parties to this deed intended that no house except one planned and designed for a single dwelling should be erected.”
In Killian v. Goodman, 229 Mich. 393, 201 N.W. 454, the court was very terse in construing “a dwelling house” and “a residence,” as follows:
“ * * * this court held that tho words ‘a dwelling house,’ used in a restrictive covenant, mean a single dwelling house. If a dwelling house means a single dwelling house, why does a residence mean a single residence ? The letter ‘a’ has some significance before the word ‘residence.’ A horse means one horse, a single horse; it does not mean a' team or 33 horses. So a residence means one residence, a single residence, not 33 residences. Giving to the words used in these restrictions their ordinary commonly understood meaning, ‘a dwelling house’ means one single dwelling house, and ‘a residence’ means one single residence.”
To the same effect is Schadt v. Brill, 173 Mich. 647, 139 N.W. 878, 45 L.R.A., N.S., 726 and Macy v. Wormald, Ky., 329 S.W. 2d 212.
In our own jurisprudence we have the case of Salerno v. De Lucca, 211 La. 659, 30 So.2d 678, holding:
“Although these stipulations are stricti juris and every doubt should be resolved in favor of the unencumbered use of the property, whenever differences arise as to the extent or limitation of these restrictions, we must look to the intention of the party encumbering the property from the words used in .the stipulations in the deed, consideration being given to the entire context of the instrument rather than to a single phrase or clause, for obviously those acquiring the property in the restricted area were motivated and influenced to purchase the same because of these limitations and they are entitled to the presumption that they will be fairly and faithfully complied with.”
The above holding establishes the rule of strict interpretation of building restrictions against, rather than in favor of, the individual owner, as concluded by the district court. In the case of Brandon v. Price, Ky., 314 S.W.2d 521 (1958), the court said:
“Under the modern view, building restrictions are regarded more as a protection to the property owner and the public rather than a restriction on the use of property, and the old-time doctrine of strict construction no longer applies.”
There is a split of authority in the jurisprudence of other states whether the terms “a”, “one”, or “single” dwelling is sufficient to exclude multiple dwellings from the land. 14 A.L.R.2d 1387.
Some courts have followed the rule of strict construction that the terms “a”, “one”, or “single” dwelling restricts only a plurality of houses,, not a plurality of apartments in a single building, such as a duplex, in the absence of modifying terms as “for the use of one family”; that the phrase “one dwelling house” standing alone was not a restriction on the use or occupancy.
On the other hand, other courts hold that the restriction is against a plurality of use or occupancy; hence, a building planned for two or more dwellings could not be properly described as one dwelling; that such re *811 striction either means one dwelling for a single family, or one house only on each lot but for as many families as the owners desired. These courts have held that such terms as “a”, “one”, or “single” modifying the word “dwelling”, express unity of the dwelling, sufficient to exclude use of the land for duplex or multiple housing units. This latter view is in keeping with our own jurisprudence expressed in Salerno v. De Lucca, cited supra.
For the above and foregoing reasons, the judgment of the District Court is reversed, and judgment rendered in favor of Plaintiffs and against Defendant, denying Defendant’s right to construct additional residential units in his residence, or to use the dwelling for more than a one-family residential unit; and Defendant is hereby enjoined and prohibited from so doing; Defendant to pay all costs herein.
Judgment reversed and rendered.