**Arnold FLOWERS, Appellant,**

**v.**

**Robert S. AUGUST et al., Appellees.**

Court of Appeals of Kentucky.

March 29, 1968.

Terry L. Hatchett, Glasgow, for appellant.

Joe L. Travis, Nunn & Travis, Glasgow, for appellees.

DAVIS, Commissioner.

The appellees obtained judgment enjoining the appellant from construction of two duplex apartments on Lots 5, 6, 7, and 8

of Spring Hill Subdivision in Glasgow. The appellant urges that the proposed buildings are not violative of the applicable restrictions and seeks reversal.

Each of the four lots owned by the appellant fronts 50 feet on Spring Hill Drive and has depth of 150 feet. The restrictions affecting Spring Hill Subdivision are duly recorded in the county court clerk's office of Barren County, and Restrictions 1, 4, 7, and 8 are involved in this controversy and are thus phrased:

"(1) This property shall be used exclusively for residential purposes, and no commercial building of any kind shall be erected thereon, and no building erected shall be used as a business or commercial property in any manner.

(4) All residence buildings shall cost at least $10,000.00 or contain 1,200 square feet of building space.

(7) No building shall be erected closer than 35 feet to the street.

(8) This land must be sold as units of one lot or more, and only one residence shall be erected on each unit. The smallest unit is to be the dimensions of the smallest lot."

We look first at the application of Restriction 7 which requires that no building shall be erected closer than 35 feet to the street. The court found from competent evidence before it that the front walls of the two buildings as laid out on the ground are nearer to the right-of-way line than 35 feet. The appellant contends that the measurement should be made from the surface of the road or street rather than the right-of-way line as shown on the plat. No direct authority for that contention is presented. It seems to us that reason demands that the right-of-way line for the street be used as a measuring point rather than the variable surface of the roadway itself. Uniformity is the objective of such a building line. To adopt a variable measuring point when a fixed one is available

would frustrate the purpose of a restriction. We find no merit in appellant's contention that Restriction 7 affords him the right to build nearer than 35 feet to the right-of-way line.

The evidence reflects that one of the proposed buildings is to be located in part on Lot 5 and in part on Lot 6. The other is to occupy portions of Lots 7 and 8. Each of the buildings is to be 60 feet wide and divided by a common wall so that each unit will be a separate residential apartment. All of one unit and part of another lie on Lot 6, and all of one unit and part of another lie on Lot 7.

It seems clear that the rule announced in Macy v. Wormald, Ky., 329 S. W.2d 212, would preclude construction of duplex apartments in face of Restriction 8, unless that restriction has been deleted by agreement of all the lot owners in the subdivision. In Macy a restriction provided: "Said lots shall be used only for residence purposes, and only one residence shall be erected upon each lot * * *." There we held that "only one residence" means exactly what it says and cannot be enlarged to mean four residences. McMahan v. Hunsinger, Ky., 375 S.W.2d 820, recognized that a restriction to "residence" purposes, standing alone, does not prohibit multiple dwellings but that a different rule obtains when the modifying term "a," "one," or "a single" is prefixed to the word "residence."

On May 27, 1963, all of the then owners of lots in the subdivision, including the developer of the subdivision, entered into a release agreement in which the following language appears:

"John M. Barrick purchased Lot No. 27 and constructed a house on a portion of Lot No. 27 and conveyed to Robert S. August, the balance thereof. Robert S. August now desires to construct a house on the portion of such lot acquired by him. The restrictions in Spring Hill Subdivision provide that the land must be

sold as units, of one lot or more, and that only one residence shall be erected on each unit; the smallest unit is to be the dimension of the smallest lot.

"IT IS NOW AGREED by all of the owners of property in the Spring Hill Subdivision that such portion of the restrictions as provide that the land must be sold as units of one lot or more, and that only one residence should be erected on each unit; and that the smallest unit is to be the dimension of the smallest lot, shall be deleted, and shall no longer be a portion of the restrictions upon said Spring Hill Subdivision, and Robert S. August is given full right and authority to purchase a portion of Lot No. 27, and to construct a home thereon."

Eight of the persons who signed the document wrote after their signatures "Lot No. 27 only" or words to that effect. The trial court found that the intention of the parties had been to effect a release of the restriction as it applied to Lot 27, but no further. Although the language just quoted from the release is somewhat confusing and ambiguous, we agree with the trial court that its purpose and effect was to provide a release from the restriction insofar as Lot 27 is concerned, but no further. Obviously, the eight signers who specifically limited their signatures to Lot 27 did not agree that the entire subdivision was to be released from the restriction. Less than all of the lot owners could not vitiate the restriction. McFarland v. Hanley, Ky., 258 S.W.2d 3, 20 Am.Jur.2d, Covenants, Conditions, Etc., Section 270.

The appellant contends that there have been several violations of restrictions in the subdivision so that all right to enforce Restriction 8 has been lost by waiver and abandonment. Reliance is placed upon Dartmouth-Willow Terrace, Inc. v. MacLean, Ky., 371 S.W.2d 937, and cases of like import. We recognize the validity of the rule followed in Dartmouth-Willow Terrace but agree with the trial court that there was

no showing here of sufficient violations of restrictions to bring that rule into play.

The judgment is affirmed.

All concur.