[Decided December 27, 1897.]

# SMITH *v.* WILKINS.

(51 Pac. 433.)

SUPREME COURT — REVERSAL OF EQUITY CASE — PRACTICE.— Where it appears that a party has not been afforded an opportunity to present a defense, and that he has not been inexcusably negligent in the matter, the supreme court may, under the terms of section 102, Hill's Ann. Laws, relieve him from the consequences, and remand the case for further proceedings instead of ordering a final decree: *Branson* v. *Oregonian Railway Company*, 10 Or. 278, followed.

From Benton: J. C. FULLERTON, Judge.

Suit by J. R. Smith & Co. against M. W. Wilkins and others, being a consolidation of several suits to foreclose mechanics' liens against defendant Wilkins. From a decree dismissing his cross bill, defendant F. E. Beach appealed, and the decree was affirmed.* On motion of said defendant to remand the cause with permission to apply for leave to amend.

GRANTED.

*Mr. Geo. G. Gammans*, for the motion.

*Mr. H. C. Watson*, contra.

PER CURIAM. Upon the former hearing the decree of the court below was affirmed on the ground that Beach's answer was insufficient (48 Pac. 708), but it now appears that all the record was not before the court at the time. A portion of it had been misplaced, and did not get into the judgment roll, and, as the attorney who took and prosecuted this appeal

* By direction of the court the first opinion in this case (48 Pac. 708) is omitted from the official reports.— REPORTER.

did not try the case in the court below, he was not
aware of and did not discover the defect, nor was the
misplaced portion of the record found, until after the
former decision. Application was made for a rehear-
ing and for a rule on the court below to complete the
record. From the record, as we now have it, it ap-
pears that, in addition to his complaint in the suit
brought to foreclose his lien, and which was, by stipu-
lation of the parties, consolidated with the Smith
case, Beach filed at least two answers in the consoli-
dated suit; but it is not clear what disposition was
made of them, or upon which one the cause was tried
in the court below, if upon either. Indeed, it would
seem from the findings of fact and decree that Beach's
lien was held invalid on a question of fact not raised
by the pleadings, and which was not regarded at the
trial before the referee as an issue in the case; but of
this we cannot determine. The record is in such in-
extricable confusion, and involved in such uncer-
tainty, that it is impossible to intelligently ascertain
the questions really litigated between the parties to
the appeal in the court below, or the rights of the par-
ties, and, as such condition does not seem to be the
result of inexcusable negligence on the part of Beach,
his motion to remand, with permission to apply to
the court below for leave to amend his answer so as to
present the real issues in the case, and for a trial upon
the merits, so far as his rights are involved, should be
allowed: *Branson* v. *Oregonian Railway Co.* 10 Or. 278,
seems to be a precedent for such a proceeding, and,
without further elaboration of the facts, it is sufficient
to say that we are all agreed that this is pre-eminently

a case calling for a like remedy. The decree heretofore entered will therefore be vacated, and set aside, and this cause remanded to the court below for the purpose indicated.