## DILLON v GAKER

Ohio Appeals, 1st Dist, Hamilton Co

No 5206. Decided May 24, 1937

Leo Weinberger, Cincinnati, for appellant.

Daronne R. Tate, Cincinnati, for appellee.

## OPINION

By HAMILTON, J.

This case was re-argued on the question as to whether or not the case was one in chancery and appealable on questions of law and fact, or one of law.

On the conclusions reached, the judgment in the case will be the same which ever way the case is presented. However, it was desired that the court pass upon the character of the case.

One member of the court is of opinion that declaratory judgments are provisions of the statute, and that they are of necessity based on questions of law only.

The majority of the court is of opinion that the character of the case upon which a declaratory judgment is sought determines whether or not it is a chancery or a law case.

In the instant case the contract upon which the declaratory judgment is sought is in writing, and sets forth a restriction contained in the deed. This restriction is the basis of the action. If the decision resulted in a decree finding the restriction in the deed enforceable, it would determine the right to maintain a mandatory injunction, if a violation of this restriction was attempted. The matter primarily involves the construction of a written agreement. All of these questions have always been cognizable in chancery. See: Kochs, Admrx. v Kochs et, 49 Oh Ap 327 (19 Abs 221); Kresge Co. v B. D. K. Co., 52 Oh Ap 101 (21 Abs 514).

The majority of the court being of the opinion that the character of the case determines the standing, notwithstanding a declaratory judgment is sought, makes the case appealable on questions of law and fact.

A decree may be entered in accordance herewith.

MATTHEWS, J, concurs in conclusion that action is a chancery case, but dissenting on other grounds.

## DISSENTING OPINION

By ROSS, PJ.

Dissenting from conclusion that action is one in chancery.

This proceeding is now upon rehearing presented to the court upon a motion to dismiss the appeal which has been taken on law and fact. A bond was given. The original action was a proceeding for a declaratory judgment under §§12102-1 GC et seq.

Sec 12102-1, GC, provides, as follows:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree."

The provisions of this section and §12102-7, GC, render the proceedings in the Common Pleas Court subject to review upon appeal on questions of law. The statute does not nor cannot give this court jurisdiction upon appeal on questions of law and fact unless the original proceeding is a chancery case.

All through these sections the final determination of the proceeding is styled a "declaration," which, in effect is nothing more than a mere finding by the court. Would this court consider upon appeal or law and fact a mere finding in a chancery case, where no final decree was entered? I am sure it would not. The act itself provides for further action by the parties necessary to give such finding vitality as a judgment. §12102-8, GC.

It is my view that such a special statutory proceeding, unknown to the chancery courts, can not under any circumstances, regardless of the character of the relief sought, be a chancery case. In so concluding, I am compelled to reluctantly disagree with the conclusions of Judge Montgomery and his associates, of the Fifth Appellate District, as announced in the case of Kochs, Admrx. v Kochs et, 49 Oh Ap 327, and with the conclusions reached in S. S. Kresge Co. v B. D. K. Co., 52 Oh Ap 101. The special proceeding ending in a mere finding of rights is not a "case" in any sense of the term. 1 O. Jur. 312, et seq. No such anomoly was known or recognized in equity practice.

Sec 11421-4, GC, provides:

"Parties to a question which might be the substance of a civil action, on filing an affidavit that the controversy is real and the proceeding in good faith to determine their rights, may agree upon a case containing the facts upon which the controversy depends, and present a submission of it to any court of competent jurisdiction, which shall hear and determine the case, and render judgment as if an action were pending."

This illustrates the character of a proceeding, which, if chancery in its nature, might form the basis for an appeal on questions of law and fact within the purview of §6 of Article IV of the Constitution of Ohio. The differences between a declaratory judgment proceeding, ending in a mere finding, and a case in which a judgment of a court of competent jurisdiction, effective in all respects as such is entered, seems to me most apparent. I regretfully disagree upon this point with the conclusion of my associates, and the Judges of the Fifth and Seventh Districts, for all of whose opinions I have the utmost respect.

I, therefore, dissent from the majority conclusion, necessitating a determination that the instant proceeding involves the consideration of a chancery case.

The majority of the court having concluded otherwise, I consider this phase of the matter foreclosed from further consideration on my part and now come to consider the case as the majority of the court has found it to be.

Upon this phase of the case I concur with Judge Hamilton in finding the equities in favor of the defendant. Were the case here upon questions of law merely (as it was considered upon the original hearing) I should, for the reasons given in the majority opinion upon the original hearing, affirm the judgment.

## DISSENTING OPINION

By MATTHEWS, J.

I concur in the conclusion that this is a chancery case and appealable on questions of law and fact to this court, but dissent from the conclusion reached by the court on the merits for the following reasons:

I agree with my associates that the meaning of the phrase "one residence," as used in the plaintiff's contract is a building constructed for the purpose of serving as the dwelling place of one family, and that a building constructed for the purpose of serving as the dwelling place of four distinct families, living separate and apart from one another, is outside of its meaning.

The ground of my dissent is that the defendant has no cause of action upon this covenant under the evidence shown by the record.

It is not sufficient to support an action by one lot owner against another to show that each has contracted with a common grantor. It is incumbent upon any such lot owner to go further and prove that there was a general plan of restricting the use of the property in the subdivision for the use and benefit of all grantees, and that at the time he and the defendant purchased their property they knew of that general plan and its purpose. If the evidence is not in his chain of title, he may prove the facts by evidence extraneous thereto. Even knowledge that there are restrictive covenants running to the common grantor is not sufficient to satisfy

the rule. There must be knowledge that the restrictions were intended to inure to the benefit of other grantees. This was so held in **Kiley v Hall, 96 Oh St 374,** the first paragraph of the syllabus of which is:

"The purchaser of a lot in an allotment whose deed contains restrictions as to the use of the lot is not chargeable from that fact alone with notice that like restrictions are contained in the deeds to other purchasers of lots in the allotment."

At page 382, the court said:
"Each purchaser, of course, knew that his grantor, Kyle, could enforce the observance of these restrictions, but we do not know upon what theory the covenant in his deed would advise him that he owed a similar duty to the other lot owners. So there is nothing on the recorded plat or in his deed that would charge plaintiff in error when he purchased his lot with notice of a general plan or with notice that the restrictions contained in his deed were for the benefit of the other lot owners."

In **Adams v Donovan et, 97 Oh St 83,** the court, at pages 84 and 85, says:
"Evidence that a lot owner in an allotment notified a proposed purchaser of a lot in the same allotment, that the use of the lot he proposed to purchase was restricted to single residence purposes only, does not sustain an allegation of the petition that the purchaser was notified before purchasing the lot of a general plan of uniform restrictions upon every lot in the entire allotment.

"Such evidence does not charge a purchaser with notice that like restrictions are contained in the deeds of other purchasers of lots in the allotment, or that such restrictions are for the benefit of the owners of the other lots therein. **Kiley v Hall, 96 Oh St 374.**"

In my judgment the evidence falls far short of proving a general uniform plan of restricting the use of this property. And I recall no evidence in the case at bar tending to prove that either the plaintiff or defendant purchased their lots with knowledge of a general uniform plan of restricting the use of the property in the subdivision, imposed for their benefit. The agreed statement certainly contains nothing whatever on this subject. And if there should be some evidence, the doubt should be resolved in favor of the free use of the property. In **Hunt v Held, 90 Oh St 280,** the court held, as stated in the syllabus.

"1. Where the right to enforce a restriction contained in the conveyance as to the use of the property conveyed is doubtful all doubts should be resolved in favor of the free use thereof for lawful purposes by the owner of the fee."

The failure of proof on this material fact makes it impossible, in my opinion, for the court to make any declaration as to the rights of these parties. Therefore, the action should be dismissed.