## FREEBURG et v BACKS

Ohio Appeals, 1st Dist, Hamilton Co

No 5361.   Decided Feb 14, 1938

J. D. DeFosset, Cincinnati, for appellants. Ragland, Dixon & Murphy, Cincinnati, and Phillip Kennedy, Cincinnati, for appellee.

### OPINION

By HAMILTON, J.

Appellants commenced an action in the Court of Common Pleas of Hamilton County, Ohio, on behalf of themselves and sixty-four other owners of lots, located in what is known as Ryland Realty Subdivision, adjoining Bond Hill, in Cincinnati, Ohio, seeking to enjoin the construction of a four family apartment building on parts of lots 54 and 55 in said subdivision.

The claim is that the planner of said subdivision placed a general restriction as to the character of residence buildings which might be erected on the lots in the

subdivision, and the restriction was carried into all deeds to the several purchasers.

The restrictions were as follows:

"Excepting also the following restrictions, terms, and limitations. which are to run with the land herein conveyed until the expiration of the year 1950, after which they shall cease to be operative, and which are to be observed and performed by and are to be binding upon the grantee, heirs, executors, administrators, and assigns with the right in the grantor herein or any present or future owner of any lot or lots in the said The Ryland Subdivision, their heirs, representatives, or assigns to enforce the observance of all or any of the said conditions:

"1st—No improvements costing less than $7,500 shall be made upon this lot, plans for the exterior of same to be submitted to The Ryland Realty Company for approval before building is started; the front line of any residence or building shall be placed upon a line forty feet back from the street line.

"2nd—Not more than one residence or building shall be placed upon this lot (this restriction, however, does not prohibit the erection of a garage or other necessary out building other than a stable) and each lot shall be not less than fifty feet in width.

"3rd—No fence shall be erected on any portion of this lot.

"4th—No cows, chickens, pigs, ducks, or any other kind of fowl shall be kept on any portion of this lot.

"5th—This lot is not to be sold, leased, or in any manner tenanted by colored persons."

The meaning and intent of the planners as to the restrictions is the question here.

The case was submitted to the trial court on an agreed statement of facts, and that court concluded the restrictions did not cover the construction of an apartment building and refused the injunction.

The case is here on an appeal on law and fact, and is submitted on the agreed statement of facts. The appellee admits that, unless enjoined, he will erect a four-family apartment building.

That the restrictions were general is admitted, and the facts shown abandonment of the restrictions. Out of the one hundred lots, eighty-four one family residence buildings, costing from $7500 to $30,000, have been erected, and are now owned and occupied as such.

Appellee claims the words in the restrictions "or building" gives the right to erect the apartment, and that he is within the designated phrase "or building".

We must construe the phrase in connection with all the provisions of the restrictions and the use and interpretation of the planners and owners. It does not violate the terms of the written restrictions to hold the intent was to limit construction to a single residence building. The word building can well be considered as mere surplusage, and when we consider all the facts and circumstances surrounding the development of the subdivision, we can come to no other conclusion than that the clear intent was to restrict the construction of buildings to one family residences.

The reasoning and conclusion is supported by the case of **Dillen v Gaker, 6 Ohio Opinions, 524,** reported in **57 Oh Ap 90** (25 Abs 282).

The injunction will be granted as prayed for.

ROSS, PJ, concurs.
MATTHEWS, J, dissents in separate memorandum.

### DISSENTING OPINION

By MATTHEWS, J.

There is no doubt that there was a general plan for the benefit of all lot owners, and that the defendant was aware of it. The facts were recited in the deeds in his chain of title, with which, of course, the law would charge him with notice. Therefore, the element that caused a division on the merits in the court in **Dillon v Gaker, 57 Oh Ap 90,** does not exist in this case. There was no disagreement in that case as to the meaning of the words employed. It is on that point that the division exists in this case.

Certainly a reading of the restrictive provisions in these deeds leaves one in doubt as to the exact limits of the restrictions. Is the use limited to residence purposes? That cannot be answered dogmatically in the affirmative.

If the use is so limited, can it be said that no more than one dwelling house adapted for use by one family only is permitted? It seems to me that that cannot be asserted confidently.

There are other limitations upon the use that are clearly expressed—no improvement costing less than $7500.00 plan for exterior must be approved by common grantor, the front line of building must be 40 feet back from street, not more than

one residence or building, other than garage or necessary out building, on a single lot, etc. These are substantial restrictions that clearly appear, and their enforcement would preserve a certain outward symmetry desired which, coupled with the other restrictions as to use, would preserve it as a desirable neighborhood. All this could be accomplished without straining the language.

It seems to me to place further limitations is enlarging the meaning of the language beyond its natural import and violates the well known rule of construction which requires in cases of doubt to decide in favor of the larger use of property.

For these reasons, I do not concur in the judgment.