**Fred B. KNADLER and Elaine M. Knadler, Appellants (Defendants),**

v.

**Donald F. ADAMS and Roberta Ann Adams, Appellees (Plaintiffs).**

No. 5809.

Supreme Court of Wyoming.

April 22, 1983.

George L. Zimmers, of Zimmers, Nelson & Castor, Laramie, for appellants.

Philip Nicholas, of Corthell, King, McFadden, Nicholas, Prehoda & Olson, Laramie, for appellees.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

ROONEY, Chief Justice.

■ Appellants-defendants appeal from a summary judgment enforcing a covenant in the deeds under which both parties hold title to adjoining lots in Cochran Addition to the City of Laramie. The covenant provides that "only one residence shall be erected on each lot." Appellees-plaintiffs instituted an injunction action to prevent appellants from expanding their residence into a multiple-family dwelling.[1] Appellants allege error in the granting of the summary judgment because they contend the covenant language to be ambiguous, wherefore an issue of material fact exists as to its meaning. A motion for summary judgment should not be granted if there is a genuine issue of a material fact. *Timmons v. Reed,* Wyo., 569 P.2d 112 (1977); and *Weaver v. Blue Cross-Blue Shield,* Wyo., 609 P.2d 984 (1980).

We affirm.

■ A review of a summary judgment must be made from the viewpoint favorable to the party opposing it and with examination of the material upon which it is based from the same standpoint as did the district judge. *DeHerrera v. Memorial Hospital of Carbon County,* Wyo., 590 P.2d 1342 (1979); *Bluejacket v. Carney,* Wyo., 550 P.2d 494 (1976); *Reno Livestock Corporation v. Sun Oil Company* (Delaware), Wyo., 638 P.2d 147 (1981); and *Fegler v. Brodie,* Wyo., 574 P.2d 751 (1978).

■ If the intention of the grantor does not readily appear in a deed, a question of fact is presented and circumstances surrounding the language used may be resorted to in order to ascertain such intention. *Gregory v. Sanders,* Wyo., 635 P.2d 795 (1981), and *In Re Rennie's Estate,* 430 F.2d 1388 (10th Cir.1970). But, if the intent of the parties can be gathered from plain and unambiguous language in the deed considered as a whole, such should be done as a matter of law without reference to extrinsic evidence. *Dawson v. Meike,* Wyo., 508

P.2d 15 (1973); *Gregory v. Sanders,* supra. The issue of whether or not an ambiguity exists in an instrument is one of law. *Amoco Production Company v. Stauffer Chemical Company of Wyoming,* Wyo., 612 P.2d 463 (1980).

Although the language here in question is plain and unambiguous: "Only one residence shall be erected on each lot," appellant contends for ambiguity in two respects. (1) The language could mean either a dwelling occupied by a single family or a single structure which could be occupied by more than one living unit, and (2) the restriction was modified in a number of respects by the original grantors in deeds to others in the Cochran Addition, thus reflecting uncertain meaning for it.

## FIRST CONTENTION

" * * * [T]he meaning of the phrase 'one residence,' as used in the plaintiff's contract is a building constructed for the purpose of serving as a dwelling place of one family, and that a building constructed for the purpose of serving as the dwelling place of four distinct families, living separate and apart from one another, is outside of its meaning." *Dillon v. Gaker,* 57 Ohio App. 90, 12 N.E.2d 150, 151 (1937).

"It seems clear to us from a simple reading of the original restriction above quoted that 'only one residence' means exactly what it says and that it cannot be stretched to mean four residences. The noun 'residence' itself is singular, and the definitions in Webster's New International Dictionary all indicate that a residence is a dwelling place or abode of a single person or family unit. This is likewise the commonly understood meaning. ***" *Macy v. Wormald,* Ky., 329 S.W.2d 212, 213 (1959).

■ We agree that the words "only one residence" have reference to one living unit. The purpose of such restriction is to control the general density of population in an

1. Appellants had begun construction of an addition to their house, moving the garage and installing sewer and water lines for four apart-

ments with carports abutting the property line next to the alley and providing parking fronting a street in place of grass and trees on that area.

area, thereby making it a more desirable living environment. This purpose would not be accomplished if the language were interpreted to permit one structure without reference to the occupants because the structures could be many storied and house hundreds of people. Accord: see *Coffman v. James,* Fla., 177 So.2d 25 (1965); *Callahan v. Weiland,* 291 Ala. 183, 279 So.2d 451, 65 A.L.R.3d 1201 (1973); *Shapiro v. Levin,* 223 Pa.Super. 535, 302 A.2d 417 (1973); *Killian v. Goodman,* 229 Mich. 393, 201 N.W. 454 (1924); *Bailey v. Jackson-Campbell Co.,* 191 N.C. 61, 131 S.E. 567 (1926); *Neptune Park Ass'n v. Steinberg,* 138 Conn. 357, 84 A.2d 687 (1951); and *Cunningham v. Hall,* La.App., 148 So.2d 808 (1963).

## SECOND CONTENTION

██ The foregoing refutes appellants' second basis for finding ambiguity in the restrictive language, i.e. that modification of the restriction in other deeds evidenced ambiguity in such language. As already noted, if there is no ambiguity in the language itself, extrinsic evidence should not be considered.

Should the language, nonetheless, be considered ambiguous and resort be had to extrinsic evidence in an effort to ascertain the intention of the original grantors, the fact that they modified the language in deeds to others by authorizing one set of apartments, a church, the Newman Center, and a school administration building on lots in the subdivision would only serve to emphasize their intention for the restriction to prevent other than one living unit per lot absent specific modification of the restriction by them.

## ADDENDUM

██ Appellants have not presented to us an alleged error relative to the propriety of

a summary judgment by the trial court on an issue concerning prevention of enforcement of the restriction by virtue of change in the character of the neighborhood from that intended by the restriction. Mention by appellants of other potential violations of the restriction was argued in support of the contention relative to ambiguity of the restriction language.[2] We will not consider issues which are not supported by proper citation of authority and cogent argument or which are not clearly defined. *Young v. Hawks,* Wyo., 624 P.2d 235 (1981); *Elder v. Jones,* Wyo., 608 P.2d 654 (1980); and Rule 5.01(2), W.R.A.P.

Affirmed.

---

**2.** Appellants noted in their brief that twenty-three other property owners in the addition had more than one living unit in their residences. In their affidavit in opposition to summary judgment, the addresses of these twenty-three properties were listed together with the names of the owners. In appellees' affidavit in support of the motion for summary judgment, ref-

erence was made to "approximately 15 apartments" in the addition which:

> "* * * are in buildings which were designed for single family residences and which remain unaltered from their original construction and design. Generally, these are basement apartments and do not change the complexion of the neighborhood."