William GLOVER, III, and Sheila Kay Glover, Appellants (Plaintiffs),

v.

Lucino GIRALDO, a/k/a Luciano Giraldo, Alberta Giraldo, James W. Rudd, C. Eileen Rudd, and City of Casper, Wyoming, Appellees (Defendants).

No. 91–54.

Supreme Court of Wyoming.

Jan. 22, 1992.

Donald R. Winship of Donald R. Winship & Associates, P.C., Casper, for appellants.

Larry W. Harrington, Casper, for appellees Giraldo and Rudd.

Robert L. Mullen, City Atty., Casper, for appellee City of Casper (no argument was presented for City of Casper).

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

GOLDEN, Justice.

Appellants William and Sheila Glover appeal the trial court's grant of summary judgment, *nunc pro tunc*, in this dispute concerning property interests in land adjoining a non-navigable stream. At issue is the interpretation of the legal property description and an alternative claim of adverse possession.

We affirm the orders granting summary judgment, *nunc pro tunc*, as to the interpretation of the legal description and reverse and remand on the claim of adverse possession.

## FACTS

William and Sheila Glover sought to quiet title in property lying between the West bank and the thread or center of the North Platte River at a point near Casper, Wyoming, where the river is unnavigable. Appellants' claim is based on separate theories of an unbroken chain of title or, in the alternative, adverse possession.

The property in dispute is described by a 1940 deed from S.H. Willey et ux to Elsie E. Robertson and identified as:

A tract of land in the West Half of the Northwest Quarter (W½NW¼) of Sec-

tion Twenty-three * * * containing all that portion between the West Boundary line of the said subdivision and the North Platte River, more particularly described as follows: * * * Thence N.09°08′E. along the left bank of said river a distance of 88.7 feet.

The deed then references "along the left bank of said river" through eleven more survey calls.

Appellants claim this property description identifies boundaries as extending to the middle thread of the non-navigable North Platte River and includes title to the riverbed. Appellants argue as successors in title of the deed to Robertson and claim all interests and rights to the land described in the conveyance. Alternatively, appellants assert that each of their predecessors in interest to the described property were in actual, open, notorious, exclusive, continuous, and hostile possession under a claim of right for more than ten consecutive years. This adverse title which vested in Robertson is said to have passed to appellants on March 20, 1987.

Appellees present conflicting claims of ownership to the middle thread of the river through a 1952 deed originating from S.H. Willey to J. Linden Heaton. This deed describes land on the Eastern side of the North Platte River and also references the riverbed and shoreland on the westerly or left bank of the river by survey calls. A later deed in 1955 from Heaton to Paradise Valley Development Company used the West bank description and the meander of the left bank as the West boundary line. These same reference points along the West bank are given in the 1940 deed to Robertson. Paradise Valley Development subdivided and platted the property described in the 1955 deed and appellees, Lucino and Alberta Giraldo, and James W. and Eileen Rudd are legal title holders of Lots 19 and 21 of Block 27 within the subdivision.

## DISCUSSION

### Standard of Review

This court's standard for reviewing a grant of summary judgment is well known and need not be repeated here. *Popejoy v. Steinle,* 820 P.2d 545, 548 (Wyo.1991) (quoting *Zmijewski v. Wright,* 809 P.2d 280, 282 (Wyo.1991)).

### Legal Description of the Property

The trial court's grant of summary judgment on the legal description of appellants' property is based on interpretation of the Willey to Robertson deed as intending to convey property only to the left bank of the river. The deed generally describes "A tract of land * * * between the West boundary line of the said subdivision and the North Platte River" followed by a more particular description referencing many calls to "the left bank of said river."

Whether the grant of summary judgment is proper depends on the grantor's intent as ascertained from specific language of the deed. To determine the intent of parties to the conveyance we begin by looking to the instrument itself. *Samuel Mares Post No. 8, American Legion, Department of Wyoming v. Board of County Commissioners of Converse County,* 697 P.2d 1040, 1043 (Wyo.1985). "The deed must be considered as a whole and the intent of the parties gathered from the plain and unambiguous language contained therein." *Gasaway v. Reiter,* 736 P.2d 749, 751 (Wyo.1987) (citing *Dawson v. Meike,* 508 P.2d 15 (Wyo.1973)). If intent of the parties can be gathered in this manner, it should be done so as a matter of law. *Knadler v. Adams,* 661 P.2d 1052, 1053 (Wyo.1983) (citing *Dawson* ).

Where a deed describes land bounded by a non-navigable stream and names the stream as a monument, a presumption exists that the grant extends to the center and the thread of the stream is the true boundary. *Hanlon v. Hobson,* 24 Colo. 284, 51 P. 433, 435 (1897); *State ex rel. Davis v. Superior Court for Cowlitz County,* 84 Wash. 252, 146 P. 609, 611 (1915); *Knutson v. Reichel,* 10 Wash.App. 293, 518 P.2d 233, 235, 78 A.L.R.3d 598, 602 (1973). The grant will give title so far as

the grantor owns, unless the bed of the stream is expressly reserved from the grant. *Knutson,* 518 P.2d at 235 (citing *Wardell v. Commercial Waterway Dist. No. 1 of King County,* 80 Wash. 495, 141 P. 1045 (1914). This rule is based on a presumption of the grantor's intent. *Stewart v. Turney,* 237 N.Y. 117, 142 N.E. 437, 439, 31 A.L.R. 960 (1923).

■ The presumption is rebuttable by any words which clearly indicate an intention of the grantor to restrict the grant to the edge, shore, or some point other than the thread of the stream. Walter G. Robillard & Lane J. Bouman, *Clark on Surveying and Boundaries,* § 25.12 (5th ed. 1987); 12 Am.Jur.2d *Boundaries* § 23 (1987). Where the description is specific in its language, naming the bank of the stream as the boundary of the land conveyed, the grantee's rights will not extend beyond such specified boundary. *Commissioners, Commercial Waterway Dist. No. 2, King County v. Seattle Factory Sites Co.,* 76 Wash. 181, 135 P. 1042, 1047 (1913).

■ Appellants argue that reference to the "North Platte River" shows Willey's intent to transfer ownership of the bed of the stream and that the deed carries title to the grantee as far as the grantor owns unless expressly reserved from the grant. *Wardell,* 141 P. at 1046.

The trial court relied on the *Knutson* case. There, a deed referencing a river as one of its calls with no express reservation of the shorelands or bed was found to pass title to the center. *Knutson,* 518 P.2d at 236. Acknowledging as crucial the difference between conveyances "to the river" and "to the bank," the trial court distinguished *Knutson,* and concluded the Willey deed describing "to the bank" did not pass title to the bed.

■ When the entire instrument is viewed as a whole, it is clear that the grant by Willey is inconsistent with the general rule and presumption of intent. *More v. Johnson,* 193 Colo. 489, 568 P.2d 437, 439 (1977). Where a deed contains references of both a general and particular nature, the particular description is preferred and will control over or limit a more general description. 12 Am.Jur.2d *Boundaries* § 64 (1964). The more particular references to "the left bank of said river" control and the grant must be interpreted as intending to convey only to the bank of the North Platte River. This departure from the general rule is readily apparent from the face of the deed and the specific language naming the bank as the boundary does not extend rights to the bed of the stream. *Seattle Factory Sites,* 135 P. at 1047.

Appellants' argument that *Wardell* requires an express reservation to overcome the presumption of a grant to the thread cannot be given effect in light of the numerous references in the deed to "the left bank of said river." The intent is clear to limit the grant to the shoreline or bank of the North Platte River.

*Adverse Possession*

■ Following the grant of summary judgment on the legal description of appellants' property, the trial court refused appellants' request for trial on the adverse possession claim. The trial court stated:

An essential element of adverse possession is that the claimants are not the record title holders but have title by virtue of possession on property which is owned by others. The Wyoming Supreme Court has said on a number of occasions that parties cannot assert inconsistent positions of this type.

The Wyoming Rules of Civil Procedure afford general rules for pleading.

(a) Claims for relief.—A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, (2) a demand for judgment for the relief to which he deems himself entitled. *Relief in the alternative or of several different types may be demanded.*

    *    *    *    *    *    *

(e) Pleading to be concise and direct; consistency.

    *    *    *    *    *    *

(2) A party may set forth *two (2) or more statements of a claim or defense alternately or hypothetically,* either in one (1) count or defense or in separate counts or defenses. When two (2) or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. *A party may also state as many separate claims or defenses as he has regardless of consistency* and whether based on legal or on equitable grounds or on both.

W.R.C.P. 8 (emphasis added).

█ Even before adoption of the current rules, Wyoming recognized that alternative allegations should be allowed where a "pleader has no knowledge as to which two sets of facts should be alleged, and the opposing party would be equally liable under either." *Glover v. Berger,* 75 Wyo. 191, 201, 294 P.2d 793, 796, 60 A.L.R.2d 583, 589 (1956). *See also,* 61A Am.Jur. *Pleading* § 49 (1981). This court identified as fundamental the obligation of every pleader to apprise his adversary of the nature of the claim against him. *Glover,* 75 Wyo. at 201, 294 P.2d at 796, 60 A.L.R.2d at 589. The problem becomes not whether a pleading must have a theory, but "whether a theory originally chosen as a step in the process of convincing the court of the soundness of the client's case may be abandoned for another theory chosen for the same purpose. Viewed as merely a step in the entire process, such a shift, at least where not too drastic, is not unfair to the opponent." Charles E. Clark, *Clark on Code Pleading* § 43 at 179 (1928).

The Wyoming Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure and Rule 8(e)(2) is identical in both. Frank J. Trelease, *Wyoming Practice,* 12 Wyo.L.J. 202 (1958). Under F.R.C.P. 8(e)(2), a pleader may "set forth inconsistent legal theories in his pleading and will not be forced to select a single theory on which to seek recovery." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1283, at

533–35 (2d ed. 1990). The pleader is not required to elect between inconsistent remedies at the pleading stage of litigation. *See, e.g., McIntosh v. Magna Systems, Inc.,* 539 F.Supp. 1185, 1190–91 (N.D.Ill. 1982) (though plaintiff cannot recover under theories of both quantum meruit and express written or oral contract, Rule 8(e)(2) provides for inconsistent claims); *Kilday v. Econo–Travel Motor Hotel Corp.,* 516 F.Supp 162, 163 (E.D.Tenn.1981) (plaintiff may assert allegations for rescission of contract and recovery of damages for breach at the same time); *McAndrews v. Goody Company,* 460 F.Supp. 104, 106 (D.NE.1978) (plaintiff may plead under 8(e)(2) theories of specific acts of negligence and *res ipsa loquitur*).

█ Alternative and inconsistent pleading, permitted under the Wyoming Rules of Civil Procedure, articulates the philosophy that parties who are given the capacity to present their entire controversies should in fact do so. *Lane Company v. Busch Development, Inc.,* 662 P.2d 419, 423 (Wyo. 1983). This court has acknowledged the presentation of alternative and inconsistent claims. Under W.R.C.P. 8(e), a plaintiff in a recent case was not estopped from alleging a county employee acted outside the scope of his duties while also claiming injury from the same employee through acts within the scope and course of employment. *Milton v. Mitchell,* 762 P.2d 372, 378 (Wyo.1988).

Appellants' effort to quiet title to the middle thread of the stream met demise through summary judgment. The alternative claim to title by adverse possession was neither placed at issue in the motion nor decided by the order granting summary judgment. The adverse possession claim survives and requires that the trial court consider this issue.

## CONCLUSION

The trial court's grant of summary judgment in favor of Giraldo and Rudd on the legal description of appellants' property is affirmed, *nunc pro tunc.* Dismissal of Appellants' claim of adverse possession is

reversed and remanded to the district court for trial.