Stevan J. SMITH and Patricia K. Smith, husband and wife; and Willowbrook Ranch, Inc., a Wyoming corporation, Appellants (Defendants),

v.

NUGGET EXPLORATION, INC., a Nevada corporation, Appellee (Plaintiff).

No. 92–153.

Supreme Court of Wyoming.

Aug. 4, 1993.

James J. Dufficy, Denver, CO, and Paul Thomas Glause of James and Glause, Rock Springs, for appellants Stevan J. Smith and Patricia K. Smith.

John T. Pappas, Western Law Associates, P.C., Lander, for appellant Willowbrook.

Dennis M. "Joe" Hand of Hand & Hand, P.C., Casper, Richard D. Gist, Lander, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

This case concerns the district court's grant of summary judgment and interpretation of a 1966 quit claim deed as unambiguous. We reverse the grant of summary judgment and remand this case for trial.

Appellant presents the following arguments on appeal:

A. The standard for review by Supreme Court of an order of summary judgment is as if the motion for summary judgment is originally before it.

B. Under proper rules of deed construction, when all parts of the quit claim deed are construed together, the trial court erred in holding as a matter of law that Willowbrook was the grantee of only a limited grazing right in the property rather than the entire surface estate.

C. Construing the facts in appellant's favor, the quit claim deed is at worst for appellants ambiguous as to the extent of the interest in the surface estate conveyed, and the deed must be construed in light of the surrounding circumstances.

D. The judgment errs in not recognizing the judicial estoppel effect of the 1968 judgment obtained jointly by Timba–Bah and Willowbrook.

E. Appellants should have been allowed to assert claims for adverse possession and reformation.

F. Even if not reversed, the judgment must be clarified to protect appellants' grazing rights in the surface from interference or destruction by plaintiff.

Appellee responds with the following issues:

I. Was the grant of summary judgment proper in this case?

II. Did the trial court properly deny appellants' eleventh hour attempts to assert defenses of adverse possession and reformation?

III. Is there a need for further proceedings to delineate appellants' rights?

## FACTS

This case involves a dispute over certain rights to property located in Fremont County, Wyoming.[1] On June 9, 1966, a

---

1. A. Elizabeth Placer Mining Claim described as the S½SW¼, Section 17, NE¼NW¼, NW¼NE¼, Section 20, Township 29 North, Range 99 West, 6th P.M.

B. Atlantic Placer Mining Claim described as the S½SW¼, Section 7, N½NW¼, Section 18, Township 29 North, Range 99 West, 6th P.M.
C. Rock Creek Placer Mining Claim described as the E½SE¼NW¼, SW¼NE¼, N½SE¼, N½SE¼SE¼, Section 18, Township 29 North, Range 99 West, 6th P.M.
D. Jacquemart Placer Mining Claim described as the NW¼SW¼, Section 27,

SE¼NE¼, N½SE¼, Section 28, Township 29 North, Range 99 West, 6th P.M.
E. Matchless Placer Mining Claim described as the S½NE¼NE¼, SE¼NE¼, N½NE¼SE¼ Section 20, S½SW¼NW¼, NW¼SW¼, W½NE¼SW¼, Section 21, Township 29 North, Range 99 West, 6th P.M.
F. Emile and Heloise Placer Mining Claim described as the E½NW¼, W½NE¼, Section 28, Township 29 North, Range 99 West, 6th P.M.
G. Juncker Placer Mining Claim described as the S½SW¼, SW¼SE¼, S½NW¼SE¼,

quit claim deed was executed between Timba–Bah Mining Company and Willowbrook Ranch, Inc., both Wyoming corporations, conveying all of the "surface grazing rights, including B.L.M. rights" to Willowbrook, while Timba–Bah reserved the mineral rights in the property. On May 28, 1968, Willowbrook as owner of the surface rights and Timba–Bah as owner of the mineral rights jointly brought action to quiet title in the property against several defendants. The defendants in the action defaulted and the court granted the rights sought by Willowbrook and Timba–Bah on August 12, 1968. On June 15, 1981, Timba–Bah conveyed its mineral rights in the property to Nuggett Exploration, Inc., a Nevada corporation authorized to do business in Wyoming. On June 7, 1989, Willowbrook executed to Stevan J. Smith, with consent of his wife, Patricia K. Smith, a mortgage deed, conveying all of Willowbrook's surface rights in the property. Then on June 13, 1989, Willowbrook recorded a quit claim deed, conveying the surface rights and excepting the mineral rights to the property to Smith.

On November 14, 1991, Nuggett filed an action for declaratory judgment against Smith and Willowbrook seeking to have the respective rights of the parties determined according to the quit claim deed executed between Willowbrook and Timba–Bah in 1966. At issue is the right to rock, dredge and sand tailings, as well as gravel, stock piles, residue and overburden on the property. Willowbrook and Smith counterclaimed seeking to quiet title in the surface rights of the property. Both parties moved for summary judgment and on March 23, 1992, the trial court granted summary judgment to Nuggett. The court found the 1966 deed to be unambiguous on its face and Nuggett to be

> the record owner of the entire fee simple estate * * * subject only to surface grazing rights, including B.L.M. rights, conveyed to Defendant Willowbrook Ranch, Inc., by virtue of that certain quitclaim

E½NE¼SW¼, Section 21, Township 29 North, Range 99 West, 6th P.M.

deed * * * recorded on June 9, 1966 * * *.

The court found Nuggett to have the "sole and exclusive right, title and interest in and to any and all of the rock tailings, dredge tailings, sand tailings, gravel, sand, stock piles, residue, and overburden." Appellants' motions for reconsideration, to amend pleadings to include claims for adverse possession and reformation and to supplement the evidentiary record were denied. Smith and Willowbrook now appeal the denial of these motions and the grant of summary judgment to Nuggett.

### DISCUSSION

#### 1. Standard of review

■ Our review of a summary judgment must be made from the viewpoint favorable to the party opposing it and with examination of the material upon which it is based from the same standpoint as did the district judge.

*Knadler v. Adams,* 661 P.2d 1052, 1053 (Wyo.1983) (citations omitted).

#### 2. Rules of deed construction

At the heart of the controversy is the interpretation of the 1966 quit claim deed between Timba–Bah and Willowbrook. The granting clause of the deed states that:

> NOW THEREFORE * * * [Timba-bah] * * * does quit claim and convey, unto [Willowbrook] its successors and assigns, forever, all of the *surface grazing rights,* including B.L.M. rights, * * * excepting and reserving to [Timba-bah] its successors and assigns, all the fossil or mineral coal, fire clay, iron and other ores, and all mineral deposits and gold, silver and oil and gas, that may be found under or on the surface of the earth * * * with the entire and *exclusive right undiminished by this deed to mine * * * and to pass into and through the land in all directions * * * as fully and as freely as if this grant had not been made, and as if [Timba-bah] its*

H. Big Deposit Placer Mining Claim described as the SE¼, Section 7, Township 29 North, Range 99 West, 6th P.M.

*successors, or assigns remained the owner of the surface or right of soil* * * *.

(Emphasis added).

The habendum clause recites:

TO HAVE AND TO HOLD, all and singular, the hereditaments and premises hereby granted or mentioned, and intended so to be, with the appurtenances, including B.L.M. grazing rights, (excepting and reserving as herein excepted and reserved, and subject to all and singular the conditions and covenants herein expressed and contained) * * *.

The deed continues to mention in additional covenants "the surface or right of soil hereby conveyed."

Appellants argue that: 1) the trial court should have looked at the various parts of the deed for evidence of the grantor's intent, specifically the title, "Quit Claim Deed of Surface Rights Except Minerals and Mining Rights"; 2) the word "grazing" in the granting clause is descriptive of a purpose behind the grant and not a limitation on its scope, or at the least, creates reasonable doubt as to what was intended; 3) the grantor is explicit in the mineral interests retained and discusses its right to damage or use of the surface for mining "as if it still owned the surface and right of soil" indicating that it is granting away these specific interests; 4) "right of soil" means a conveyance of the entire surface estate; 5) if the intention was to convey only grazing rights, a lease or easement would have been preferable; 6) the habendum clause must be construed with the entire instrument; and 7) the trial court erred in resolving all doubts against appellant in its summary judgment review.

In a recent decision in which an appellant sought to quiet title to property described by deed we said:

Whether the grant of summary judgment is proper depends on the grantor's intent as ascertained from specific language of the deed. To determine the intent of parties to the conveyance we begin by looking to the instrument itself. "The deed must be considered as a whole and the intent of the parties gathered from the plain and unambiguous language contained therein." *Gasaway v. Reiter*, 736 P.2d 749, 751 (Wyo.1987) (citing *Dawson v. Meike*, 508 P.2d 15 (Wyo. 1973)). If intent of the parties can be gathered in this manner, it should be done so as a matter of law.

*Glover v. Giraldo*, 824 P.2d 552, 554 (Wyo. 1992) (citations omitted).

■ We have said:

Our relevant general standards for interpreting a written instrument are that, if it is free from ambiguity, the intention of the parties is to be secured from the words of the instrument, and that the interpretation of an instrument to determine whether an ambiguity exists is a question of law for the courts to decide.

*Miller Land & Mineral Co. v. State Hwy. Comm'n*, 757 P.2d 1001, 1002 (Wyo.1988) (citations omitted). Where no ambiguity exists, the court must determine intent without resorting to extrinsic evidence. *Knadler*, 661 P.2d at 1053.

■ If possible, all parts and every word should be given effect, though no one clause, phrase or sentence should be determinative of intent. *Sunburst Exploration, Inc. v. Jensen*, 635 P.2d 822, 825 (Wyo.1981); *Warren–Boynton State Bank v. Wallbaum*, 123 Ill.2d 429, 123 Ill.Dec. 936, 940, 528 N.E.2d 640, 644 (1988).

The question before us is whether the entire surface estate or something less than that called "surface grazing rights" was conveyed in the 1966 deed. The terms "surface" and "surface grazing rights" as well as "right of soil" and "B.L.M. rights" are used in the conveyance. The resultant ambiguity cannot be resolved by looking to the four corners of the deed. The deed could be read to convey only the right to graze animals on the surface of the estate, or else fee title to the surface, absent the express mineral reservations in the deed.[2]

---

**2.** We anticipate that the parties may next be concerned with whether the elements at issue,

gravel, etc., are considered to be minerals and thus fall within the grantor's reservation. We

Willowbrook argues that the language of the habendum enlarges the surface rights conveyed in the granting clause and thus must be construed together with the entire deed. We agree that our focus must be on the entire document in ascertaining the grantor's intent. *Gasaway v. Reiter*, 736 P.2d 749, 751 (Wyo.1987). This includes the title as well as all parts of the deed and its terms. We refuse in this case to recognize the doctrine of repugnancy which would give priority to the granting clause if it and the habendum cannot be reconciled. *Frye v. Arrington*, 58 N.C.App. 180, 292 S.E.2d 772, 774 (1982).

Considering interpretation of the habendum clause, we recognize that it is "not determinative of the issue, for the intention of the parties, as expressed in a deed, is to be determined from the entire instrument without undue preference given to any part." *Barber v. Flynn*, 628 P.2d 1151, 1154 (Okl.1980).

We determine that, as a matter of law, the 1966 deed is ambiguous. We agree that "an ambiguity in a written instrument precludes the trial court from awarding a summary judgment because there is a genuine issue of material fact with respect to the intent of the parties." *Metropolitan Mortgage & Securities Co., Inc., v. Belgarde*, 816 P.2d 868, 873 (Wyo. 1991). It may be necessary to determine the intention of the parties from other evidence from which the "interpretation becomes a mixed question of law and fact."

refer the parties to *Miller Land & Mineral Co. v.*

*Mobil Coal Producing, Inc. v. Parks*, 704 P.2d 702, 706 (Wyo.1985) (quoting *Goodman v. Kelly*, 390 P.2d 244, 247 (Wyo. 1964)). In that case, the intention of the parties may be ascertained by circumstances surrounding the language. *Knadler*, 661 P.2d at 1053.

### 3. Other issues

Appellants also assert claims of adverse possession, reformation and judicial estoppel. Since we reverse the grant of summary judgment on the basis of ambiguity in the deed, we need not address these other issues. Appellants are provided an opportunity to raise these issues on remand.

### DISPOSITION

We reverse the district court's grant of summary judgment and remand for further proceedings consistent with this decision.

CARDINE, Justice, dissenting.

I would affirm the grant of summary judgment by the trial court and therefore dissent.