**William G. STEIL and Grace A.
Steil, Appellants (Plaintiffs),**

v.

**Mary Ann SMITH and Mary Ann Smith,
Trustee of the Mary Ann Smith Trust
Agreement dated September 22, 1982, Appellees (Defendants).**

No. 94–253.

Supreme Court of Wyoming.

Aug. 21, 1995.

Lawrence A. Yonkee of Yonkee & Toner, Sheridan, for appellants.

Dennis M. Kirven of Kirven & Kirven, Buffalo, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

GOLDEN, Chief Justice.

We consider whether the district court erred when it decided an easement granting a right of way for "agricultural related purposes" included the right to use the road for big game hunting.

We reverse.

Appellants, William and Grace Steil, raise these issues:

> 1. Is use as an access for big game hunting within the scope of a recorded easement which is limited to agricultural related purposes?
>
> 2. Is the extent of an easement acquired by grant, unlike an easement arising by prescription, fixed by the language contained in the instrument through which it was created, instead of by use?
>
> 3. Was it error to consider use before an easement was granted in determining the extent (scope) of the recorded easement?

Appellee, Mary Ann Smith, provides this summary of the issue:

> Did the district court correctly find that the scope of an easement for agriculturally related purposes included big game hunting?

Resolution of the issue hinges on the words in the easement. Donald and Carol Shively purchased land from Smith in August 1985. The sale included an agreement titled "Right of Way Grant and Easement," in which the Shivelys granted Smith "a permanent right of way over, across and through the lands * * * described for a means of ingress and egress to access [Smith's] lands located near or adjacent to the land of [Shivelys'] for *agricultural related purposes* * * *." [emphasis added] The Steils purchased the Shivelys' property subject, of course, to that easement. After neighborly

relations deteriorated into feuding, the Steils sued to resolve a variety of disputes between the parties. As a part of its judgment, the district court found the easement included a right of Smith to use the road for big game hunting access [1]. That is the issue in this appeal.

The applicable standard of review is that we derive the meaning of an easement from its language, much as we would in the case of a deed or other written agreement. *Tibbets v. P & M Petroleum Co.*, 744 P.2d 651, 652–53 (Wyo.1987); *and see* 25 Am. Jur.2d *Easements and Licenses* § 75 (1966). If the language of the easement is not ambiguous and if the intent of the parties can be gathered from its language, that should be done as a matter of law. *Glover v. Giraldo*, 824 P.2d 552, 554 (Wyo.1992); and *see Smith v. Nugget Exploration, Inc.*, 857 P.2d 320 (Wyo.1993); *Tibbets*, 744 P.2d at 653 [2]. Where an easement is claimed under a grant, the extent of the right depends on its terms. If the terms are specific, that is decisive of the limits of the easement. *Robertson v. Bertha Mineral Co.*, 128 Va. 93, 104 S.E. 832, 835 (1920) (easement for railway to haul coal not an easement for general railway purposes); *Parham v. Bradberry*, 185 Miss. 402, 188 So. 298 (1939) (stairway easement to second story office not good for access to balcony of adjoining theater); James H. Backman and David A. Thomas, A Practical Guide to Disputes Between Adjoining Landowners—Easements, § 1.03[1][a] (1989); 25 Am.Jur.2d *Easements and Licenses* § 74 (1966); and *compare State v. Homar*, 798 P.2d 824, 826 (Wyo.1990).[3]

We hold the language of the easement is clear and unambiguous and extrinsic evidence need not be considered in its construction. The terms "agriculture" and "agricultural," its derivative, do not convey to

---

1. The Judgment provided: "[Smith's] described easement for agricultural related purposes includes big game hunting access for [Smith] and [her] invitees."

2. In *Tibbets* the district court heard extrinsic evidence. That was also true here. However, as we noted in *Tibbets*, the taking of extrinsic evidence does not render the easement ambiguous.

3. A corollary of this general rule, which we commend to adjoining landowners, is that the owner of an easement and the owner of land each possess rights and each must, as far as possible, respect the other's use. *Wallis v. Luman*, 625 P.2d 759, 768 (Wyo.1981); *Bard Ranch Co. v. Weber*, 557 P.2d 722, 730–31 (Wyo.1976). We note in passing that Smith may fully enjoy hunting on her property without resort to use of the easement as it passes by the Steils' front door.

reasonable persons, and their definitions do not encompass, "big game hunting." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 43–44 (1986); McGRAW-HILL ENCYCLOPEDIA OF FOOD, AGRICULTURE & NUTRITION, "agricultural science (animal)," "agricultural science (plant)," "agriculture," 62–75 (DANIEL N. LAPIDES, ED., 1977); and see *Klutznick v. Thulin*, 814 P.2d 1267, 1270 (Wyo.1991) (words mean what they would convey to reasonable persons at the time and place of their use).

We also conclude the word "related," as in "agricultural related purpose," does not have the effect of expanding the meaning of the word "agriculture" to include big game hunting. WEBSTER'S at 1916. In common parlance, big game hunting is not related to agriculture.

Further, we hold that WYO.STAT. § 23–1–101(a)(i) (1991), when read in combination with WYO.STAT. 23–1–901 (1991)[4], does not have the effect of altering the meaning of the words contained in the easement. That conclusion applies as well to WYO.STAT. § 39–6–201 (Supp.1995)[5] and § 40–14–140(a)(iv) (1993)[6]. Smith cites no authority, and we have found none in our own research, to support the proposition that the usual meaning of ordinary words, as they are used in the easement at issue, are modified by reference to statutes such as those relied upon by Smith.

That portion of the district court's judgment which found Smith could use the easement at issue for big game hunting is reversed, with directions that the judgment be amended to read that Smith may *not* use the easement for big game hunting.

Reversed and remanded.

---

4. Landowners may be paid for damages caused by big game animals if they allow hunting on their lands and may redeem hunter coupons issued by the Game & Fish Department.

5. Gasoline tax statute includes within the definition of "agricultural purposes" (as used in refund provision) the raising of wildlife for gain, sale or profit.

6. Uniform Consumer Credit Code definition of "agricultural purpose" includes reference to raising, production, etc. of wildlife.