2012 WY 104

**James HENRY and Barbara Henry, Husband and Wife, Appellants (Plaintiffs),**

**v.**

**George BORUSHKO and Lucille Borushko, Husband and Wife, Appellees (Defendants).**

No. S–12–0028.

Supreme Court of Wyoming.

July 31, 2012.

Representing Appellants: Pro se.

Representing Appellees: William L. Miller, Miller & Fasse, P.C., Riverton, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1]  Appellants, James and Barbara Henry, and Appellees, George and Lucille Borushko, own adjoining properties in Fremont County, Wyoming.  An irrigation canal separates the properties.  In 2009, a dispute developed over the boundary between their properties. The Borushkos asserted that the boundary was the centerline of the irrigation canal.  The Henrys claimed that it was at the fence along the north bank of the canal. Litigation ensued.  The district court ruled in favor of the Borushkos.  The Henrys appealed.  We will affirm.

## ISSUE

[¶ 2]  The issue is whether the deed to the Borushkos' property should be interpreted to establish the property boundary at the centerline of the canal or along the fence on the north bank of the canal.  A secondary issue, raised by the Borushkos, is whether there was reasonable cause for this appeal.

## FACTS

[¶ 3]  The facts related here are necessarily brief.  The bench trial held by the district court was not reported, so none of the witnesses' testimony or the parties' arguments is available to us on appeal.  Pursuant to W.R.A.P. 3.03, the district court provided an order settling a statement of the evidence. It lists the witnesses who testified, but reveals nothing about their testimony.  It lists the trial exhibits accepted into evidence. From these documents, particularly the deeds conveying the property, we glean this information.

[¶ 4]  In 1977, the Henrys conveyed to the Mortensens:

All lands lying North of Midvale Irrigation District Pavillion Main Lateral which lie within and are portions of the S½NW¼, Section 14, Township 3 North, Range 2 East, Wind River Meridian, Fremont County, Wyoming; all lands lying North of the Midvale Irrigation District Pavillion Main Lateral which lie within and are portions of the SE¼NE¼, Section 15, Township 3 North, Range 2 East, Wind River Meridian, Fremont county [sic], Wyoming; all containing 40.1 acres more or less.

The Henrys retained the property south of and adjacent to the conveyed property, and still own it.  In 1995, the Mortensens conveyed their property to the Borushkos, using a functionally identical description of the property.

[¶ 5]  In 2009, a dispute developed between the Henrys and the Borushkos about the precise location of the property line, the Borushkos claiming it is at the centerline of the canal and the Henrys claiming it is along the north bank of the canal.  Following a bench trial, the district court ruled in favor of

the Borushkos. The Henrys ask us to review that decision.

## STANDARD OF REVIEW

■■■ [¶ 6] We apply a well-established standard of review to a district court's judgment after a bench trial:

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict. While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record. Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail weighing disputed evidence. Findings of fact will not be set aside unless the findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. We review a district court's conclusions of law de novo on appeal.

*Springer v. Blue Cross & Blue Shield,* 944 P.2d 1173, 1175–76 (Wyo.1997) (internal citations omitted). In this case, however, our review of the district court's findings of fact is curtailed by the meager record. The appellants bear the burden of providing an adequate record for us to review, and when they do not, we must accept the district court's findings of fact as being based on sufficient evidence. *Painovich v. Painovich,* 2009 WY 116, ¶ 9, 216 P.3d 501, 504 (Wyo. 2009).[1] As a practical matter, this makes it nearly impossible for us to conclude that the district court's findings are clearly erroneous.

## DISCUSSION

[¶ 7] The district court sought to interpret the deed language "All lands lying North of Midvale Irrigation District Pavillion Main Lateral" in order to determine the proper boundary between the properties. It found that the canal is a "substantial manmade monument" that has "existed for many years in its current size and location." On that basis, the district court found that the canal "shares some attributes of a non-navigable stream," and "some of the attributes of a street or highway." These factual determinations are not clearly erroneous, and indeed are not in dispute.

[¶ 8] Because the canal shared pertinent attributes with non-navigable streams and streets, the district court relied on this legal guidance for use in interpreting deeds:

> In the case of non-navigable watercourses and roads and streets as boundary calls in legal descriptions, the general rule is there is a rebuttable presumption that where a non-navigable stream or a street or road is the boundary between two parcels, the actual boundary is along the thread of the stream or the middle of the street. *Wilson v. Lucerne Canal and Power Co.,* 150 P.3d 653, 665 (Wyo.2007). 12 Am. Jur. Boundaries, § 17, § 29. The same rules of construction hold true with common walls. *Coumas v. Transcontinental Garage* [68 Wyo. 99], 230 P.2d 748, 753 (Wyo.1951).

Applying this presumption, the district court concluded that the deed should be interpreted as establishing the property boundary at the centerline of the canal. It further determined that the evidence presented by the Henrys "fails to rebut the presumption" that the boundary was at the center of the canal.

■■ [¶ 9] The Henrys' first argument is that the deed does not explicitly state that the boundary is at the "center" of the canal. That is true, but it is also true that the deed does not explicitly state that the boundary is on the "north bank" of the canal or "along the fence north of the canal." Because no particular part of the canal is expressly designated as the boundary, the district court was correct in employing the presumption that the center of the canal was intended. As we explained in *Glover v. Giraldo,* 824 P.2d 552, 554–55 (Wyo.1992):

> Where a deed describes land bounded by a non-navigable stream and names the

---

1. The Henrys appeared *pro se* before the district court, as they do before us on appeal. *Pro se* litigants may be afforded some leniency, but "[r]easonable compliance with applicable procedural rules and requirements is mandatory." *Kinstler v. RTB South Greeley, LTD., LLC,* 2007 WY 98, ¶ 12, 160 P.3d 1125, 1128 (Wyo.2007).

stream as a monument, a presumption exists that the grant extends to the center and the thread of the stream is the true boundary. The grant will give title so far as the grantor owns, unless the bed of the stream is expressly reserved from the grant. This rule is based on a presumption of the grantor's intent.

*The presumption is rebuttable by any words which clearly indicate an intention of the grantor to restrict the grant to the edge, shore, or some point other than the thread of the stream.* Where the description is specific in its language, naming the bank of the stream as the boundary of the land conveyed, the grantee's rights will not extend beyond such specified boundary.

(Emphasis added; internal citations omitted.) In *Glover*, the deed referred to the North Platte River, and specifically described the boundary as "the left bank of said river." *Id.* at 554. That was sufficient, the Court ruled, to overcome the presumption and establish the boundary at the left bank of the river, not the center.

[¶ 10] In contrast, the deed in this case does not specify the bank of the canal, or the "edge, shore, or some point other than the thread" of the canal. It does not specify the fence on the north bank of the canal, which is the boundary advocated by the Henrys. It does not expressly reserve the bed of the canal from the grant. Accordingly, the district court correctly applied the presumption and ruled that the boundary was at the center of the canal.

[¶ 11] In an effort to rebut the presumption, the Henrys point out that the deed purports to convey "40.1 acres more or less." They argue that the Borushkos' property is exactly 40.1 acres if the property boundary is the fence on the north bank of the canal, but is 43.3 acres if the boundary is the center of the canal, a difference of 3.2 acres. These facts, they contend, demonstrate that they

intended the boundary to be along the north fence.

[¶ 12] However, the facts asserted by the Henrys are not sufficiently supported by the record. One of the exhibits in the record appears to be a rather detailed map. Handwritten on the map are the names "Henry" and "Borushko," among others. There are lines on the map marked "Pavillion Main Lateral." Printed on the map is an abundance of very small numbers, some inside circles and some not. If we assume that this is an accurate map depicting the properties and the canal, and if we assume that the uncircled numbers represent acreage, and if we assume that these numbers are correct, then this document would support the Henrys' factual assertions.[2]

[¶ 13] The record does not allow us to make all of those assumptions. We do not know which witness or witnesses discussed this document, or what they may have said about it. There is no evidence indicating whether this document is an accurate map or only a demonstrative exhibit illustrating the Henrys' theory of the case. There is no testimony that the uncircled numbers represent acreage or that they are correct. The facts asserted by the Henrys are plausible, but we cannot just assume that they are true. The record is insufficient to demonstrate that the district court's findings of fact are clearly erroneous.

[¶ 14] But even if we assume that the Henrys are correct about the facts, the result does not change. The Henrys rely on the recitation in the deed that the acreage is "40.1 acres more or less." They assert that the Borushkos' property is 40.1 acres if the boundary is on the north bank of the canal, but 43.3 acres if the boundary is at the center of the canal. In deed interpretation, however, a recitation of acreage or other area is treated by courts as it probably was meant by the parties to the deed: "merely an estimation on their part of the amount of acre-

---

2. For example, the uncircled numbers apparently associated with the easement for the canal are 2.4, 2.0, and 2.0. If we add these and divide by two, the result is 3.2. This calculation would seem to support the Henrys' assertion that placing the property boundary at the center of the canal results in the addition of 3.2 acres to the

Borushkos' property. Similarly, there is a way to add up all of the small acreage numbers within the Borushkos' property to show 40.1 acres north of the north side of the canal, though that calculation is too lengthy to be included here.

age" conveyed by the deed. *Rouse v. Munroe*, 658 P.2d 74, 78 (Wyo.1983). This is particularly true where the recitation of acreage is modified by the phrase "more or less," because

> the "more or less" language indicates that the amount of land ... was not of the essence of the contract. *Overly v. Treasurer and Receiver General*, 344 Mass. 188, 181 N.E.2d 660 (1962); Annot., 1 A.L.R.2d 9, and cases contained therein. As is stated in 77 Am. Jur. 2d, Vendor and Purchaser, § 100, p. 285:
>
>> " * * * * The use of the words 'more or less' excludes the assumption of an exact number of acres and makes it clear that the precise dimensions of the property are not of the essence of the contract * * * *."

*Id.* Because the recitation of acreage in a deed is merely an estimation, it is generally of little use in interpreting the deed. *See, e.g., Erickson v. Wick*, 22 Wash.App. 433, 438, 591 P.2d 804, 807 (1979) ("[T]he designated quantity of land called for is the least reliable of all descriptive particulars and the last to be resorted to.").

[¶ 15] In *Rouse*, 658 P.2d at 76, we interpreted an easement for a reservoir which recited that the high water mark of the reservoir would be "seventeen (17) feet above the creek bottom at the dam site," and also that the area was "estimated at approximately 10 acres, more or less." When the reservoir was filled to seventeen feet above the creek bottom, the reservoir actually covered 15.2 acres. *Id.* at 77. The underlying landowner sued to enjoin the reservoir owner from inundating any more than ten acres. We concluded, however, that "the more precise description in the contract was the reference to the high-water line of the reservoir." The more precise reference controlled over the less precise "10 acres, more or less." *Id.* at 78. We therefore ruled that the easement allowed the holder "to inundate as much of [the] land as is necessary to fill the reservoir to a level of 17 feet above the creek bottom at the dam site." *Id.* at 79.

[¶ 16] Applying these concepts to the case before us now, the recitation of "40.1 acres more or less" must be considered merely an estimation of the amount of property being conveyed. The amount of property actually conveyed was controlled by the more precise reference to the canal. The presumption that the reference to the canal meant the centerline of the canal is not rebutted by the inconsistent recitation of acreage. *Compare Faulks v. Schrider*, 99 F.2d 370, 372–73 (D.C.Cir.1938) ("[A] conveyance of land bordering on a road or street carries the title to the center of the road or street," and "the specification of the area to the lot conveyed is not of itself sufficient evidence of the grantors' intention to reserve to themselves title to the beds of the abutting streets."). Similarly, we conclude that the Henrys' conveyance of property bordering on the canal must be presumed to carry title to the center of the canal, and the specification of the acreage of the property is not sufficient evidence to defeat that presumption.[3] We find no error in the district court's decision.

[¶ 17] Having decided to affirm the district court's ruling, we turn to the Borushkos' contention that they should be awarded reasonable attorneys' fees because there was no reasonable cause for this appeal. The Court has the authority to award such fees under W.R.A.P. 10.05, but we will not do so in this case. The Henrys' contention that the recitation of acreage in the deed is significant is not without merit. We considered carefully before determining that the recitation was insufficient to rebut the presumption that the reference to the canal meant the center of the canal. We cannot say that the Henrys' appeal was unreasonable, and we decline to award attorneys' fees.

[¶ 18] Affirmed.

---

**3.** Even if the Henrys subjectively intended the north bank of the canal to be the property boundary, the language in the deed, read objectively, did not accomplish that result. "[O]ne party's subjective intent or interpretation of a contract is not controlling; we look instead to the objective intent of the language used." *Shaffer v. WINhealth Partners*, 2011 WY 131, ¶ 37, 261 P.3d 708, 717 (Wyo.2011) (Voigt, J., dissenting).